SUTTON v. GLOBE KNITTING WORKS.

1. CORPORATIONS—CONSTRUCTION OF STATUTES.

In determining whether legislature, by passing the general corporation act, intended to empower corporations to alter rights of holders of preferred stock issued prior thereto by postponing date of redemption stated therein, court should read statute as a whole and make reasonable application of each of its separate sections (Act No. 327, Pub. Acts 1931).

2. STATUTES—CONSTRUCTION.

In construing a statute, effect must be given to every part of it and one part must not be so construed as to render another part nugatory or of no effect.

3. CORPORATIONS—STATUTES—MINORITY STOCKHOLDERS.

In determining rights of a minority holder of preferred stock who became owner thereof prior to the effective date of general

corporation act, it is unnecessary to determine to what extent rights of minority stockholders not vested prior to such date are subject to action by the majority stockholders (Act No. 327, Pub. Acts 1931).

4. SAME—MINORITY STOCKHOLDERS—VESTED RIGHTS.

The legislature, in enacting general corporation act, did not intend to give then-existing corporations power, through action of majority stockholders, to take vested or accruing property rights from minority stockholders (Act No. 327, §§ 43, 59, 189, 192, Pub. Acts 1931).

5. SAME—PREFERRED STOCK—REDEMPTION.

Certificate of preferred stock providing it should be redeemed at par on a given date, if it was then outstanding, conferred upon holder thereof a vested or accruing right to have it redeemed at par on such date and a corresponding liability on part of corporation to do so.

6. SAME—STATUTES—AMENDMENT OF ARTICLES—REDEMPTION OF PREFERRED STOCK.

Notwithstanding provision of general corporation act conferring broad powers of amendment of articles of association as to preferences by majority vote at a stockholders' meeting, a vested or accruing right of a preferred stockholder to redemption at par on a given date and corresponding liability of corporation therefor, may not be impaired by postponement of date of redemption by action of majority stockholders under such provision where other provisions in same act evidence legislative intent to preserve such vested and accruing rights (Act No. 327, §§ 43, 59, 189, 192, Pub. Acts 1931).

7. SAME—REDEMPTION OF PREFERRED STOCK—CONTRACTS.

Right of redemption of holder of preferred stock pursuant to provision contained in certificate for redemption at par on given date *held*, something more and different in character than an ordinary incidental right of a stockholder and is so contractual in nature as presumably to be a condition precedent to purchase of the stock by a stranger to the corporation.

8. SAME—REDEMPTION OF PREFERRED STOCK—CONSTITUTIONAL LAW.

Right to redemption of preferred stock at par on a given date, conferred upon purchaser thereof by provision contained in certificate when he, as a stranger to the corporation, purchased such stock, *held*, a contractual right not subject to impairment

by postponement of date of redemption under reserved power in Constitution to amend, alter, repeal or abrogate rights, privileges or franchises conferred by statutes (Const. 1908, art. 12, § 1; Act No. 327, §§ 43, 59, 189, 192, Pub. Acts 1931).

9. Same—Reserved Power to Amend Articles—Constitutional Law.

Reserved right to alter, amend or repeal corporate charters, whether contained in a statute or Constitution must be exercised in subjection to constitutional restrictions as to due process and equal protection of law and impairment of obligation of contract (U. S. Const., art. 1, § 10, Am. 14; Mich. Const. 1908, art. 2, §§ 9, 16).

10. Same—Redemption of Stock—Consent—Amendment of Articles or By-Laws.

A Michigan corporation's undertaking to redeem its stock is contractual in nature and it is beyond the power of the corporation to change such right materially without the consent of the investor by amendment of its articles or by-laws as it is a matter distinct from, and in addition to, ordinary matters of internal management, regulation and control.

Appeal from Kent; Brown (William B.), J. Submitted October 9, 1935. (Docket No. 21, Calendar No. 38,527.) Decided June 16, 1936.

Assumpsit by R. E. Sutton against Globe Knitting Works, a Michigan corporation, for sums due under redemption provision of preferred stock. Judgment for defendant. Plaintiff appeals. Reversed and remanded for entry of judgment for plaintiff.

*Seth R. Bidwell, Butterfield, Keeney & Amberg* and *Travis, Merrick, Johnson & McCobb,* for plaintiff.

*Warner, Norcross & Judd* and *Joseph Shulsky,* for defendant.

North, C. J. Plaintiff and appellant is the owner of 100 shares of preferred stock of the par value of

$10 per share in the defendant company, Globe Knitting Works, a Michigan corporation. The certificate issued for such preferred stock contains the following provision:

"This stock is subject to redemption and shall be redeemed at par on January 25, 1932, provided the same is then outstanding."

At the time plaintiff purchased his stock in the defendant company its articles of association contained the following provision:

"The preferred stock shall be subject to redemption and shall be redeemed at par on January 25, 1932."

The plaintiff tendered his stock for redemption on January 25, 1932, and demanded payment of $1,000, the par value thereof. Notwithstanding the corporation's ability to redeem the stock without prejudice to the rights of its creditors, it refused to redeem in compliance with plaintiff's demand. Thereafter plaintiff instituted this suit for the recovery of the $1,000 alleged to be due him in accordance with the provision contained in the stock certificate. The circuit judge before whom the case was heard without a jury entered judgment in favor of the defendant and plaintiff has appealed.

The defense is based upon an amendment to defendant's articles of association in consequence of which the corporation claims the redemption date of plaintiff's stock has been extended to January 25, 1957. The amendment was made subsequent to plaintiff's becoming the owner of his 100 shares of preferred stock but prior to the date (January 25, 1932) it was tendered for redemption; and the amendment is asserted to have been made under the

authority of and in accordance with Act No. 327, § 43, Pub. Acts 1931, said act being the so-called Michigan general corporations act. The portions of Act No. 327 pertinent to decision are as follows:

"SEC. 43. Any corporation formed or existing under this act may at a meeting of the shareholders duly called and held amend its articles without limitation so long as the articles as amended would have been authorized by this act as original articles, by the vote of the holders of the majority of its shares entitled to vote: Provided, that if any such amendment shall change the rights, privileges or preferences of the holders of shares of any class, such amendment shall be approved by the vote of the holders of a majority of the shares of each class of shares entitled to vote and a majority of shares of each class whose rights, privileges or preferences are so changed.

"SEC. 59. The liability of any corporation or of the shareholders or officers thereof, or the rights or remedies of the creditors thereof, or of persons doing or transacting business with such corporation, shall not in any way be lessened or impaired by * * * any change or amendment in the articles of any such corporations. * * *

"SEC. 189. Every corporation heretofore organized and incorporated under any law of this State, which if now incorporated would be required to incorporate under and subject to this act, shall hereafter be subject to the provisions of this act without formal reorganization hereunder and such corporations shall de deemed to exist under this act, and, except where otherwise provided in the act under which any such particular corporation is incorporated, the provisions of this act shall govern all corporations heretofore or hereafter incorporated in this State. * * *

"SEC. 192. This act shall not impair or affect any act done, offense committed or right accruing, ac-

crued, or acquired, or liability, penalty, forfeiture or punishment incurred prior to the time this act takes effect, but the same may be enjoyed, asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if this act had not been passed.''

It is conceded by plaintiff that the amendment to defendant's articles of association by which the redemption date of its preferred stock was changed from January 25, 1932, to January 25, 1957, was adopted by more than a majority of the holders of such stock.  It is admitted by the pleadings that plaintiff's shares of stock were not voted in favor of this amendment to defendant's articles of association.  It is plaintiff's contention that since he became the owner of this 100 shares of preferred stock prior to the effective date of Act No. 327, Pub. Acts 1931, it was not within the power of the corporation or of the other holders of preferred stock to vote to postpone the redemption date of the stock held by plaintiff, he having withheld consent to such postponement.  Plaintiff asserts that postponement of the redemption date of his stock is an impairment of his contract right and deprives him of his property without due process of law; and if the legislature by said Act No. 327, Pub. Acts 1931, sought to empower the corporation to do this, the act is unconstitutional.

As to whether Act No. 327, Pub. Acts 1931, empowers the defendant corporation by action of those holding a majority of the preferred stock to extend the time of redemption of such stock held by one of the minority not consenting thereto, we quote appellant's contention as set forth in his brief:

''We freely concede that from and after September 18, 1931—the date when the new corporation code went into effect—Globe Knitting Works auto-

matically came under the terms of Act No. 327 by virtue of the provisions of section 189 hereinbefore quoted. Section 189, however, goes no farther than this and it is clear from the provisions of sections 59 and 192, as we shall show, that the legislature had no intention, in providing for continued corporate existence subject to Act No. 327, to disturb, or to permit destruction of, existing property rights. Likewise we concede that section 43, if it stood alone, would permit, by its terms, an amendment postponing a redemption date. But section 43 does not stand alone. It must be construed to harmonize with sections 59 and 192, since effect must be given, if possible, to every word, clause and sentence in a statute.''

In determining whether the legislature by passing Act No. 327, Pub. Acts 1931, intended to empower corporations to alter, in the manner herein asserted by defendant, the rights of those holding corporate stock issued prior thereto, we should read the statute as a whole and make reasonable application of each of its separate sections.

'' 'No rule is better settled than, in construing a statute, effect must be given to every part of it. One part must not be so construed as to render another part nugatory, or of no effect.' * * * *People* v. *Burns,* 5 Mich. 114.'' *City of Grand Rapids* v. *Crocker,* 219 Mich. 178.

When read entirely by itself section 43 of Act No. 327, Pub. Acts 1931, seems to contain provisions which are extremely broad. It is not necessary to decision herein to determine to what extent the rights of minority stockholders are subject to action by majority stockholders in cases where the rights of such minority stockholders were not vested prior to the statute becoming effective. But reading the

whole act together and giving effect to each section makes it clear that the legislature had no intention of attempting to give to then-existing corporations the power through action of a majority of its stockholders to take from the minority stockholders vested or accruing property rights. By virtue of the quoted provision contained in the certificate of stock held by plaintiff, he certainly had, immediately upon receiving it from defendant, a vested or accruing right to have it redeemed at par on the 25th day of January, 1932. This was a liability that the corporation assumed incident to issuing this stock. Section 59 of the act expressly provides that "the liability of any corporation   *   *   *   shall not in any way be lessened or impaired by   *   *   *   any change or amendment in the articles of any such corporations." It is not possible to give effect to this provision of the statute and at the same time deny plaintiff the right to recover. Further evidence of the legislative intent in this particular seems quite unnecessary; but apparently so that there might be no doubt of the purpose of the legislature to preserve vested and accruing rights, practically at the close of the act (which covers more than 50 pages of the public acts), in section 192 it is again provided:

"This act shall not impair or affect any   *   *   * right accruing, accrued, or acquired, or liability   *   *   *   incurred prior to the time this act takes effect, but the same may be   *   *   *   enforced   *   *   *   as fully and to the same extent as if this act had not been passed."

The inescapable conclusion is that notwithstanding the broad terms in which section 43 of the act is expressed, the legislature clearly and conclusively

intended to preserve vested rights of the character here asserted by plaintiff. This necessarily appears from reading and giving reasonable effect to each and all of the provisions of the enactment. But it is strenuously insisted by appellee that it was vested with power to make the noted change in its articles of association and this without violating any vested rights of plaintiff, because of the constitutional provision in this State as to reserved power over corporations. The constitutional provision in part reads:

"All laws heretofore or hereafter passed by the legislature for the formation of, or conferring rights, privileges or franchises upon corporations and all rights, privileges or franchises conferred by such laws may be amended, altered, repealed or abrogated." Constitution 1908, art. 12, § 1.

We quote from appellee's brief:

"However, the question boils down to whether or not the redemption provision in the case at bar was subject to the reserved power in section 1 of article 12 of the Michigan Constitution of 1908, for the only right involved in the case is the controverted contract right to have the shares of stock redeemed in 1932. If this redemption contract is subject to amendment under the reserved power, then the only right appellant ever had was a conditional right defeated by the happening of the condition, and neither the impairment of contracts clause nor due process clause (of the Federal Constitution) has been violated. * * *

"The redemption provision in the case at bar * * * was an incident of the preferred stock. It could not be transferred separately and apart from the preferred stock, and had to pass to the transferee with a transfer of the preferred stock. It is true that Globe did not have to issue the preferred stock; but when it did, the taker became a stock-

holder and not a person with an independent right against the corporation. *In short the redemption provision was a right against the corporation of a stockholder in his character as stockholder, just as a right to vote stock is a right of a stockholder in his character as stockholder.* \* \* \*

"We respectfully submit that \* \* \* (a) the saving clause, section 192 (Act No. 327, Pub. Acts 1931), must be construed as saving merely those rights which were acquired by persons against pre-existing corporations and by pre-existing corporations against persons, which rights do not partake of the stockholder relationship, and as not saving rights conferred by articles of association upon a corporation and its stockholders; and (b) section 59 must be construed as saving merely the liabilities of corporation, shareholders and officers to, and the corresponding correlative rights of, creditors and persons doing or transacting business with the corporation, the rights of these creditors and other persons not being rights *qua* stockholders."

Notwithstanding the ingenious presentation of appellee's contention, it seems clear that the redemption right of plaintiff as a preferred stockholder is something more and different in character than an ordinary incidental right of a stockholder, such as voting for the election of a director of the company, and that his right is contractual in nature. This contract right was presumably a condition precedent to plaintiff's determination to purchase preferred stock in the defendant company. The redemption provision was a definite undertaking on the part of the defendant corporation to redeem at a given time and on given terms the stock plaintiff agreed to purchase. Assuming, as we fairly may, that in the absence of the redemption provision plaintiff would not have purchased his stock, or that defendant's undertaking to redeem was an inducing

cause in consequence of which plaintiff did purchase, the provision for redemption was something more than a mere incident to corporate relationship, it was a definite contractual undertaking, the proposal for which antedated and consummation of which coincided with the purchase of the stock by plaintiff, who prior to that time was not identified with the corporation. This being true, appellee's contention above noted is not tenable. While it is quoted from a case wherein the plaintiff was a creditor of, and not a stockholder in, the defendant corporation, we think the following statement of the supreme court of the United States is applicable to the instant case:

"The authority of a State under the so-called reserved power (of the California Constitution which provision in effect is the same as that in the Michigan Constitution) is wide; but it is not unlimited. The corporate charter may be repealed or amended, and, within limits not now necessary to define, the interrelations of State, corporation and stockholders may be changed; but neither vested property rights nor obligation of contracts of third persons may be destroyed or impaired." *Coombes* v. *Getz,* 285 U. S. 434 (52 Sup. Ct. 435).

"The power of alteration or amendment is not without limit and does not invest the legislature with unrestricted control over the charter of the corporation created by it. * * *

"The reserved right of amendment, alteration or repeal, whether contained in a statute or constitutional provision, must be exercised in subjection to the various other constitutional commands and restrictions. Due process of law * must be observed, and there must be no denial of the equal protection of the laws,† nor impairment of the obligation of

---

* See U. S. Const. Am. 14, § 1, Mich. Const. 1908, art. 2, § 16.
† See U. S. Const. Am. 14, § 1.

contract.* "   7 Fletcher Cyclopedia Corporations (Perm. Ed.), §§ 3680, 3681.

See, also, *Yoakam v. Providence Biltmore Hotel Co.*, 34 Fed. (2d) 533.

As to the undertaking of a Michigan corporation to redeem its stock being contractual in nature, we quote from a decision of the Federal court of appeals, sixth circuit:

"This promise was authorized by statute, it was relied upon by the investor, and we see no reason why it is not essentially a contract beyond the power of the corporation to change materially without the consent of the investor. It follows that the statutory provisions for extension and the proceedings here taken must be regarded as subject to the performance of the duty created by this promise. The power of the corporation to amend its articles or its by-laws cannot extend to the making of a change which would amount to a repudiation of a contract which is distinct from, and in addition to, all ordinary matters of internal management, regulation, and control." *Vanden Bosch v. Michigan Trust Co.* (C. C. A.), 35 Fed. (2d) 643.

It follows that plaintiff is entitled to recover. The case will be remanded to the circuit court that the judgment heretofore entered therein may be vacated and judgment entered in favor of plaintiff for the par value of his stock, together with accrued interest thereon at the rate of five per cent. per annum, computed from January 25, 1932. Plaintiff will have costs of both courts.

FEAD, WIEST, BUTZEL, BUSHNELL, EDWARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.

---

* See U. S. Const. art. 1, § 10, Mich. Const. 1908, art. 2, § 9.