DETROIT & CANADA TUNNEL CORPORATION *v*. MARTIN.

1. CORPORATIONS—AMENDMENT OF ARTICLES.

A majority of the stockholders of a corporation may pass any amendment of the articles so long as the articles as amended would have been authorized by the corporation act (CLS 1956, § 450.43).

2. SAME—AMENDMENT OF ARTICLES—STOCKHOLDERS.

A person who acquires stock in a corporation, organized and subject to the general corporation act, which permits amendment of the articles by a majority of the stockholders, is subject to such provision without limitation so long as the articles, as amended, would have been authorized by the act as original articles (CLS 1956, § 450.43).

3. SAME—AMENDMENT OF ARTICLES—CONSTRUCTION OF STATUTES.

Unambiguous provision of corporation act empowering majority of stockholders to amend articles of incorporation is not limited by other provisions relating to the impairment of the liability

REFERENCES FOR POINTS IN HEADNOTES
[1, 12]  13 Am Jur, Corporations § 86.
[1]  13 Am Jur, Corporations § 88.
[2, 4, 5]  13 Am Jur, Corporations § 421.
[6]  13 Am Jur, Corporations § 961 *et seq.*
[7]  13 Am Jur, Corporations §§ 73, 420.
[8]  13 Am Jur, Corporations § 90.
[9]  13 Am Jur, Corporations § 93.
[10]  13 Am Jur, Corporations § 683 *et seq.*
[11]  13 Am Jur, Corporations § 319.

of the corporation in the event of an amendment of the articles and general saving clause (CLS 1956, § 450.43; CL 1948, §§ 450.59, 450.192).

4. SAME—AMENDMENT OF ARTICLES—LIQUIDATING DIVIDENDS OF TUNNEL COMPANY.
    Purchaser of stock in tunnel corporation before amendment of articles providing for discretionary liquidating dividends as time approached for transfer of title to the tunnel to public authorities may not be said to have acquired such stock with vested rights to such dividends (CLS 1956, § 450.43).

5. SAME—AMENDMENT OF ARTICLES—IMPAIRMENT OF CONTRACTS— BREACH OF CONTRACT.
    Statutory provisions of corporation act under which a corporation is formed and which are in effect at the time purchaser of stock therein acquired his stock are deemed to be conditions of the stock certificates and of the corporate charter and where such provisions authorize changes in the articles, the purchaser consents in advance to such changes, a right which may be exercised by the State, amending the statute, or by a prescribed majority of those to whom the power may be delegated; the exercise of such right of change not being either an impairment or breach of the contract with the corporation (CLS 1956, § 450.43).

6. SAME—STOCKHOLDERS—DIRECTORS.
    The majority of the stockholders of a corporation, and the majority of the board of directors in the field where it is the governing body, are supreme within the limits of honest administration and the boundaries of discretion; it being elemental that legal power cannot be used to effectuate a fraudulent purpose.

7. SAME—AMENDMENT OF ARTICLES—STATUTES—STOCKHOLDERS.
    Statutory provisions are a part of every corporate charter and the shareholder has notice that the articles of the corporation whose shares he had acquired may be amended if the required majority of the shareholders agree (CLS 1956, § 450.43).

8. SAME—AMENDMENT OF ARTICLES—STOCKHOLDERS—IMPAIRMENT OF CONTRACTS—DUE PROCESS.
    It is not an impairment of contract nor a violation of the due process clauses of Constitutions of the State or of the United States, so far as stockholders are concerned, for the legislature to amend or repeal statutes relative to corporate franchises, where the power to do so is reserved by the State Constitution

(US Const, art 1, § 10; Am 14; Mich Const 1908, art 2, §§ 9, 16; art 12, § 1).

9. SAME—AMENDMENT OF STATUTES—IMPAIRMENT OF CONTRACTS—VESTED RIGHTS.

The reserved right of a State to amend or repeal statutes relative to corporate franchises is not unlimited in that vested property rights or obligations of contracts of third persons may not be destroyed or impaired (US Const, art 1, § 10; Am 14; Mich Const 1908, art 2, §§ 9, 16; art 12, § 1).

10. SAME—DIVIDENDS—STOCKHOLDERS.

A stockholder in a tunnel corporation with but one class of stock has no vested right to payment of liquidating dividends, where he had purchased the stock before amendment of articles permitting such type of dividends.

11. SAME—AMENDMENT OF ARTICLES—STOCKHOLDERS—STATUTES.

Provision of statute, under which company was organized, empowering a majority of the stockholders to amend the articles constitutes an implied provision of each certificate of stock in the company (CLS 1956, § 450.43).

12. SAME—AMENDMENT OF ARTICLES—BROADENING OF PURPOSE—DISSENTING STOCKHOLDER.

Amendment of articles of tunnel company, by a majority of the stockholders at a properly conducted meeting for that purpose pursuant to statutory provision empowering such action, so as to broaden its purposes to enlarge the scope of its power to make investments did not impair any contractual right of a dissenting stockholder or deny due process of law under either the State or Federal Constitution (US Const, art 1, § 10; Am 14; Mich Const 1908, art 2, §§ 9, 16; art 12, § 1; CLS 1956, § 450.43).

13. SAME — AMENDMENT OF ARTICLES — INVESTMENTS — MINORITY STOCKHOLDERS — STATUTES.

Provisions of corporation act relative to rights of dissenting or dissatisfied stockholders, prohibiting impairment of contractual rights of stockholders and the general savings clause do not apply to case arising from minority stockholder's objection to amendment of articles so as to enlarge tunnel company's power to make investments (PA 1931, No 327, §§ 44, 54, 59, 192, as amended).

Appeal from Wayne; McCree, Jr. (Wade H.), J. Submitted April 10, 1958. (Docket No. 38, Calendar No. 47,290.)   Decided July 15, 1958.

Petition by Detroit & Canada Tunnel Corporation, a Michigan corporation, against John H. Martin, individually and on behalf of all stockholders whose rights may be adversely affected, for declaration of rights relative to validity of amendment to articles of incorporation increasing the scope of corporate activity.   Order entered striking defendant's answer. Decree for plaintiff.   Defendant appeals.   Affirmed.

*Hill, Lewis, Andrews, Granse & Adams* (*Charles E. Lewis, Edward T. Goodrich* and *Elliott H. Phillips,* of counsel), for plaintiff.

*Bodman, Longley, Bogle, Armstrong & Dahling* (*Carson C. Grunewald,* of counsel), for defendant.

KAVANAGH, J.   Plaintiff is a corporation organized and existing under the Michigan general corporation act of 1931.   It has only one class of stock, and had as its original corporate purpose the construction and operation of a vehicular and pedestrian tunnel beneath the Detroit river, connecting the cities of Detroit, Michigan, and Windsor, Ontario, Canada. Prior to the annual meeting of January 10, 1955, required notice was given to all shareholders that a resolution to amend article 2, setting forth the purposes of the corporation, was to be presented at the annual meeting.   This notice was forwarded on December 21, 1954, to all shareholders of record as of that date.   At the annual meeting the following resolution was duly presented to amend article 2 by adding to article 2, in part, the following:

"To subscribe for, buy, sell, pledge, mortgage, discount and rediscount, underwrite, hold and otherwise deal in, acquire, and dispose of stocks, bonds, notes, drafts, bills of exchange, obligations or securities of any trust, syndicate, partnership, individual, private or public corporation, government, or municipality, both as principal and as agent; and to do any other act or thing permitted by law for the preservation, protection, improvement or enhancement of the value of such stocks, bonds, notes, drafts, bills of exchange, obligations, or securities."

Defendant, John H. Martin, under date of January 4, 1955, sent the following letter to Mr. William S. Burton, president of Detroit & Canada Tunnel Corporation:

"January 4, 1955

"Mr. William S. Burton, President
Detroit & Canada Tunnel Corporation
200 Bates Street
Detroit 26, Michigan
*"Dear Mr. Burton:*

"I have today signed and returned to the proxy committee the form of proxy solicited by the management in connection with the forthcoming annual meeting of the corporation.   As you will undoubtedly learn in the course of tallying proxies, I have voted against the adoption of the proposed amendment to article 2 of the articles of incorporation providing for additional investment powers.   I am opposed to the corporation having the additional powers.

"In your letter to stockholders, appearing in the annual report recently received, you make the following statement:

" 'A favorable vote of a majority of the outstanding stock for the proposed amendment is necessary to carry out the recommendation of your board with respect to the broadening of the powers of incorporation outlined above.'

"As a stockholder of the corporation, it is my position that such amendment cannot be validly adopted except by the unanimous vote of the holders of all of the outstanding stock of the corporation (which, in view of my negative vote, such amendment cannot receive); then such amendment cannot be validly adopted by a mere majority of the outstanding stock, and that any exercise of additional powers which may be purportedly conferred on the corporation by such amendment will be illegal and void.

"I request that this letter be presented to the meeting and that my objection herein set forth be made a matter of record by incorporating this letter in the minutes of said meeting.

"Very truly yours,
/s/ "JOHN H. MARTIN."

The proposed amendment was adopted by a vote of 240,324 shares to 2,909 shares. Eighteen shares were not voted. Subsequently, on January 21, 1955, the duly executed certificate of amendment to the articles of incorporation was filed with the Michigan corporation and securities commission. Defendant, as the owner of 231 shares, voted against the adoption of the proposed resolution. A controversy having arisen as a result of the defendant's letter and the vote on the resolution concerning the validity of the amendment to the articles of incorporation, plaintiff instituted this action in the nature of a petition for a declaration of rights.*

Plaintiff asked that the trial court decree: (1) that the amendment to article 2 of plaintiff's articles of incorporation adopted at the annual meeting of shareholders on January 10, 1955, is in all respects valid and binding upon defendant and all other shareholders of plaintiff; (2) that plaintiff has and may validly exercise all of the powers as set forth in

* See CL 1948, §§ 691.501–691.507 (Stat Ann §§ 27.501–27.507).— REPORTER.

its articles of incorporation as so amended; (3) that the court enter an order in accordance with Michigan Court Rule No 16 (1945) directing the manner and form of the notice of this action which shall be given to shareholders of plaintiff.

Subsequently, on February 14, 1955, such an order directing the manner and form of the notice of action was entered by the trial court. On March 15, 1955, John H. Martin, defendant, filed an answer. He was subsequently permitted to file 2 amended answers. For the purpose of this opinion, I am going to treat them as 1 answer.

Defendant affirmatively avers that the business and fundamental purpose of plaintiff is that of ownership and operation of the tunnel; that the assets, property, plant, and equipment of plaintiff corporation are entirely devoted to the tunnel business; that the principal revenues of plaintiff are, and have been since its incorporation, derived from tunnel operations; that by Detroit city ordinance 7-C,* effective October, 1927, the city of Detroit will acquire said tunnel properties at the end of 60 years from the date of formal opening, namely 1990, without any payment whatever. Such ordinance further provides that the city of Detroit may purchase the tunnel properties in 1980 for the appraised value less 50% for amortization; in 1970 for the appraised value less 40%; in 1960 for the appraised value less 10%. Defendant avers that large amounts of money have become available as a result of depreciation accruals which have not been and will not be expended for capital betterment or capital replacement of the tunnel facilities; that under such circumstances it became and is the duty of the officers and board of plaintiff corporation to return to the shareholders such funds which are not being used to carry out the

---

* Municipal Code, City of Detroit, ch 412, p 1233.—REPORTER.

fundamental purpose and business of the corporation, not to retain such funds on hand until acquisition of the tunnel properties by the city of Detroit in 1990; that the officers and directors of plaintiff corporation recognized this situation and initiated an amendment to article 8 to permit this; that the shareholders of plaintiff corporation on January 11, 1954, adopted an amendment to article 8, which reads as follows:

"Certain tunnel properties of this corporation are subject to acquisition by the city of Detroit as provided for in Detroit city ordinance 7-C, effective October 28, 1927. The board of directors are authorized to declare and pay liquidating dividends to the holders of the $10 par value common stock of this corporation out of capital surplus to the extent that the amount of amortization and depreciation of such municipally-recoverable properties may be deemed by the board of directors to be in excess of amounts necessary for capital betterment and as cash funds therefor shall, within the judgment and discretion of the board of directors, become available. The amount and time or times of such payments shall be determined by the board of directors within their judgment and discretion. The holder of any stock certificate for said common stock shall not be entitled to receive payment of any such liquidating dividend until a transcript of this article 8 shall be indorsed thereon by this corporation or its agent designated by the board of directors for that purpose. Every such payment is intended and shall be construed to be a distribution of a liquidating dividend in cancellation and redemption of the stock represented by such certificates to the extent of such payment. Shareholders shall be notified of the nature and amount of each such payment and a complete cumulative report of the payments so made shall be included in the annual reports of the corporation to its shareholders and to the Michigan corporation and securities commission."

Subsequent to the adoption of the amendment to article 8, liquidating dividends from plaintiff corporation have been paid as follows: 15¢ a share on July 9, 1954; 20¢ a share on January 4, 1955; 10¢ a share on April 21, 1955.

Defendant further avers that the officers and directors of plaintiff corporation recognize that the purported amendment to article 2 is a fundamental change in the purpose of the corporation and by said amendment are attempting to circumvent their duty to pay liquidating dividends as recognized by the aforesaid amendment to article 8; that they plan to curtail such dividends and use corporate funds in the proposed investment business which would otherwise be returned to the shareholders; and that they further plan to ultimately convert the tunnel corporation business to the investment business. Lastly, defendant avers that if section 43 of PA 1931, No 327, as amended (CLS 1956, § 450.43 [Stat Ann 1957 Cum Supp § 21.43]), is interpreted to permit the adoption of article 2 of plaintiff's articles of incorporation, as set forth in paragraph 6 of plaintiff's petition, that said section, as so interpreted, violates the Constitution of the State of Michigan (1908) and the contract clause of the Constitution of the United States, and is State action in violation of the 14th amendment (due process clause) of the Constitution of the United States.

Motion to strike the answer and both amended answers was made by plaintiff on the grounds that: (1) the allegations as set forth in said answer and amendments to answer, if true, do not avoid the legal effect of or defeat the cause of action set forth in plaintiff's petition for declaration of rights in whole or in part; (2) said answer and amended answers of defendant are insufficient in substance; (3) the allegations set forth in said answer and amended answers of defendant, if true, are immaterial to a

determination of the questions raised by the said plaintiff; (4) the allegations set forth in said answer and amended answers of defendant, if true, do not constitute a bar to the relief for which plaintiff prays in its said petition.

The lower court, for reasons set forth in 2 opinions, granted plaintiff's motion to strike the answers of defendant, and entered a final decree, dated March 22, 1957, granting the relief prayed for in plaintiff's petition. Defendant takes a general appeal to this Court from such decree filed March 22, 1957.

The lower court ruled that section 43 of the general corporation act, as amended, permitted amendment of the articles of incorporation without limitation so long as the articles, as amended, would have been authorized by the general corporation act as original articles, and that such amendment could be made even where it might convert a tunnel corporation into an investment business; that section 59 and section 192* of the general corporation act have no application to section 43 of the act; that the defendant could not claim that he was induced to purchase his stock in reliance upon liquidating dividends since he became a holder of record before the amendment providing for liquidating dividends; that the amendment authorizing liquidating dividends fixed discretion for the declaration of the same in the board of directors, and left to the discretion of such board the amount and times of payment; that defendant is not a creditor or third party dealing with the corporation, and, for that reason, the contract clause protection would not apply; that defendant had cited to him no case in which an amendment of corporate articles offended the concept of due process where there was no impairment of contractual rights; that defendant had not shown that

---

* See CL 1948, §§ 450.59, 450.192 (Stat Ann §§ 21.59, 21.193).— Reporter.

he would in any way be deprived of property without due process of law, and, therefore, the motion to strike the answer and amendments to the answer should be granted.

Defendant-appellant in this Court raises 2 questions:

(1) Does a proper interpretation of the Michigan general corporation act (PA 1931, No 327, as amended) permit such a corporation, organized with its fundamental purpose the construction and operation of a tunnel beneath the Detroit river, to change, by such amendment, to a securities investment business by a vote of the majority of its shareholders against the objection of minority shareholders?

(2) Is the Michigan general corporation act invalid under the due process clause of the Michigan Constitution and under the 14th amendment of the Constitution of the United States to the extent it permitted such fundamental change?

The first question proposed by defendant-appellant is not the exact question that we have before us. In the instant case there was not a change from the fundamental purpose of the original corporation to a securities investment business. The original purpose was retained, and, under the amendment adopted, the scope of the investments the corporation could make has been enlarged.

Section 43 of PA 1931, No 327, was discussed by Justice CHANDLER in the case of *Seaman* v. *Ironwood Amusement Corp.*, 283 Mich 220, 237, where he refers to Wilgus & Hamilton, Michigan Corporation Law, p 292, and states:

"It would therefore appear that a majority of the stockholders may pass any amendment 'so long as the articles as amended would have been authorized by this act as original articles.' "

It appears to be undisputed in this record that the expanding of the investment field of the plaintiff corporation would have been authorized as a proper purpose in original articles.

The Delaware court in the case of *Federal United Corporation* v. *Havender,* 24 Del Ch 318 (11 A2d 331), discussing the substantial elements of merger and provisions of general corporation law (of Delaware), said (pp 333, 334):

"It is elementary that these provisions are written into every corporate charter. The shareholder has notice that the corporation whose shares he has acquired may be merged with another corporation if the required majority of the shareholders agree. He is informed that the merger agreement may prescribe the terms and conditions of the merger, the mode of carrying it into effect, and the manner of converting the shares of the constituent corporations into the shares of the resulting corporation."

Defendant in the present case acquired his shares of stock in this corporation subsequent to the adoption of section 43 of the general corporation act, as amended, and is presumed to have taken them subject to the right of a majority of the shareholders to amend its articles, without limitation so long as the articles, as amended, would have been authorized by this act as original articles. Impliedly, the certificate of stock contains just such a provision. Section 43 of the Michigan general corporation act is not ambiguous and therefore does not need a construction going beyond its terms. Sections 59 and 192 of the general corporation act are not to be read in connection therewith as a limitation on section 43.

Defendant primarily relies upon the case of *Sutton* v. *Globe Knitting Works,* 276 Mich 200 (105 ALR 1447), where plaintiff was a minority holder of preferred stock. The certificate issued for such stock

contained the following provision: "This stock is subject to redemption and shall be redeemed at par on January 25, 1932, provided the same is then outstanding." The articles of association contained a similar provision with reference to the redemption of preferred stock. Plaintiff tendered his stock for redemption on January 25, 1932, and demanded payment at par value. It was refused. He brought suit to recover the amount alleged due him, and the defense was raised that the articles had been amended after plaintiff became owner of his shares, but prior to January 25, 1932, extending the redemption date to January 25, 1957. The Court there expressly limited section 43 with sections 59 and 192, saying (p 209):

"It seems clear that the redemption right of plaintiff as a preferred stockholder is something more and different in character than an ordinary incidental right of a stockholder, such as voting for the election of a director of the company, and that his right is contractual in nature."

The inescapable conclusion is that notwithstanding the broad terms in which section 43 of the act is expressed, the legislature clearly and conclusively intended to preserve vested rights of the character there asserted by plaintiff by expressly stating in section 192:

"This act shall not impair or affect any act done, offense committed or right accruing, accrued, or acquired, or liability, penalty, forfeiture or punishment incurred *prior to the time this act takes effect,* but the same may be enjoyed, asserted, enforced, prosecuted or inflicted, as fully and to the same extent as if this act had not been passed." (Emphasis ours.)   CL 1948, § 450.192 (Stat Ann § 21.193).

The *Sutton Case* is distinguishable from the instant case in the following respects: (1) In the *Sut-*

*ton Case* the minority preferred shareholder became an owner prior to the effective date of the general corporation act; (2) The articles fixed a definite time and precise formula for the redemption of the preferred stock. In the *Sutton Case* the Court said (p 209):

"This contract right was presumably a condition precedent to plaintiff's determination to purchase preferred stock in the defendant company. The redemption provision was a definite undertaking on the part of the defendant corporation to redeem at a given time and on given terms the stock plaintiff agreed to purchase."

In the instant case stock of defendant was purchased after the effective date of the general corporation act and subject to all of its provisions, including section 43.

The defendant herein cannot claim that he was induced to purchase his stock in reliance upon liquidating dividends since he became a shareholder of record before the adoption of the amendment providing for liquidating dividends. The amendment authorizing liquidating dividends fixed discretion for the declaration of the time and amounts of dividends in the board of directors. Therefore, the decision of *Sutton* v. *Globe Knitting Works, supra,* does not apply to the instant case.

In *Johnson* v. *Bradley Knitting Co.*, 228 Wis 566 (280 NW 688, 117 ALR 1276), construing a similar right to amend the articles of incorporation in the statutes of Wisconsin, its court said (p 581):

"The proposed amendments in the instant case were adopted by the required statutory vote. We must hold the amendments valid and binding upon the plaintiff."

In the *Johnson Case*, the supreme court of Wisconsin took notice of the fact that the present question presented had never been squarely passed upon by their court. The same situation is true here in Michigan. The court in the *Johnson Case* said (p 577):

"If these statutory provisions in effect at the time plaintiff acquired his stock are deemed to be conditions of the stock certificates and of the corporate charter, then the plaintiff consents in advance to the making of such changes as the statutes permit, and an exercise of the right by the State or by a prescribed majority to whom the power may be delegated is neither an impairment or breach of the contract."

It is argued that a majority of the shareholders of a corporation cannot fraudulently or dishonestly conspire to turn over to themselves corporate property or advantages to the detriment of the corporation itself or a minority of its shareholders. It is also the law, assuming the corporation has the power, that the majority, under authority lodged with them, and the board of directors in the field where it is the governing body, are supreme within the limits of honest administration and the boundaries of discretion. It is elementary law that legal power cannot be used to effectuate a fraudulent purpose. This rule has no application in the instant case since no fraud is alleged or proved by defendant.

Our Michigan Supreme Court, in an opinion written by Justice NORTH in the case of *Dratz* v. *Occidental Hotel Co.,* 325 Mich 699, in construing a Delaware statute similar to the Michigan general corporation statute, but with reference to the merger and consolidation provisions thereof, by a statutory vote of the stockholders, whereby a plan was adopted that wiped out certain interests of the preferred

stockholders, by an amendment on vote of shareholders as authorized by its statutes, had this to say with reference to the impairment of plaintiff's right with reference to the contract and due process clauses of the State and Federal Constitutions (p 721):

"Nor are we in accord with appellants' contention that the instant merger should be held void as to nonassenting preferred stockholders on the ground that it resulted in impairment of plaintiffs' rights guaranteed by article 1, § 10, and the Fourteenth Amendment of the Federal Constitution. Since, as hereinbefore indicated plaintiffs or their assignors as stockholders in a Delaware corporation did not have a vested right to payment of dividends or to redemption of their stock for which they seek recovery, the consolidation perfected in compliance with the Delaware law did not impair or violate their rights guaranteed by the Federal Constitution."

Justice North then quoted from the case of *Federal United Corp.* v. *Havender,* as earlier quoted in this opinion, to the effect that the statutory provisions are a part of every corporate charter, and the shareholder has notice that the corporation whose shares he has acquired may be merged with another corporation if the required majority of the shareholders agree.

While there is considerable confusion in the law of other States with respect to the contract clause and due process clause of the State and Federal Constitutions,* as applied to like statutory provisions, we think the statement in *Coombes* v. *Getz,* 285 US 434 (52 S Ct 435, 76 L ed 866) to be the controlling rule of law (pp 441, 442):

"The authority of a State under the so-called reserved power (of the California constitution which

---

* US Const, art 1, § 10; Am 14; Mich Const (1908), art 2, §§ 9, 16.—Reporter.

provision in effect is the same as that in the Michigan Constitution*) is wide; but it is not unlimited. The corporate charter may be repealed or amended, and, within limits not now necessary to define, the interrelations of State, corporation and stockholders may be changed; but neither vested property rights nor obligations of contracts of third persons may be destroyed or impaired."

In 7 Fletcher Cyclopedia Corporations (Perm ed), §§ 3680, 3681, it is said:

"The power of alteration or amendment is not without limit and does not invest the legislature with unrestricted control over the charter of the corporation created by it.   *   *   *

"The reserved right of amendment, alteration or repeal, whether contained in a statute or constitutional provision, must be exercised in subjection to the various other constitutional commands and restrictions.   Due process of law must be observed, and there must be no denial of the equal protection of the laws, nor impairment of the obligation of contract."

We point out, however, that we cannot agree with appellant's contention that the amendment in the instant case results in impairment of defendant's rights guaranteed by the contract clause, the due process clause, and the equal protection clause of the 14th amendment and the State Constitution.   As hereinbefore indicated, defendant had no vested right to payment of dividends.   His certificate of stock impliedly contained a provision permitting the alteration in the articles of incorporation of the company by a majority of the shareholders voting at a properly conducted meeting for that purpose.

Section 43 of the Michigan general corporation act permits a corporation, subject to that act, to amend

---

* Reference is to Const (1908), art 12, § 1.—REPORTER.

its articles of incorporation to broaden its purposes, as was done in the instant case, if a majority of the shareholders entitled to vote approve the amendment. Plaintiff is such a corporation and has complied with section 43 (CLS 1956, § 450.43 [Stat Ann 1957 Cum Supp § 21.43]). Sections 44, 54, 59, and 192 of the Michigan general corporation act (CL 1948, § 450.44, CLS 1956, § 450.54, CL 1948, §§ 450.59, 450.192 [Stat Ann § 21.44, Stat Ann 1957 Cum Supp § 21.54, Stat Ann §§ 21.59, 21.193]) are not applicable to the instant case.

The amendment as adopted on January 10, 1955, by plaintiff corporation through a majority vote of its shareholders did not deprive defendant of any contractual right or due process of law either under the State or Federal Constitution.

The decision of the lower court should be affirmed. Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.