MILLER v MAGLINE, INC

Docket No. 51641. Submitted February 11, 1981, at Lansing.—Decided
April 10, 1981. Leave to appeal applied for.

Raymond V. Miller and J. Robert Thorp, as minority sharehold-
ers of Magline, Inc., brought an action against Magline, Inc.,
Don C. Law, Carl F. Schilling, Stanley R. See, Carl N. Morten-
son, and George Monroe, seeking, *inter alia,* dissenter's rights
in reference to action by the corporation extending its life from
30 years to an indefinite term. Defendants moved for summary
judgment, which motion was partially granted, all claims for
dissenter's rights being dismissed, Bay Circuit Court, John X.
Theiler, J. Plaintiffs appeal. *Held:*

1. The trial court properly dismissed plaintiffs' claims for
dissenter's rights. Plaintiffs were not possessed of a right of
redemption which was materially altered by the amendment of
the articles of incorporation extending the corporation's term.
Nor do the applicable provisions of the Business Corporation
Act amount to an unconstitutional impairment of a contractual
right.

2. The trial court erred in dismissing plaintiff's claim for
relief on the grounds of illegal, fraudulent, or wilfully unfair
and oppressive acts by those in control of the corporation.

Affirmed in part, reversed in part.

1. CORPORATIONS — ARTICLES OF INCORPORATION — DURATION OF
CORPORATIONS — STATUTES.

A corporation may amend its articles to change its duration by
the vote of holders of a simple majority of outstanding shares

REFERENCES FOR POINTS IN HEADNOTES

[1, 7] 18 Am Jur 2d, Corporations §§ 69, 71.
[2] 18 Am Jur 2d, Corporations §§ 94, 104.
[3] 18 Am Jur 2d, Corporations §§ 282, 284, 287.
[4] 18 Am Jur 2d, Corporations § 510 et seq.
[5] 19 Am Jur 2d, Corporations §§ 1596, 1598, 1604-1606.
[6] 16 Am Jur 2d (Rev), Constitutional Law § 279.
  16A Am Jur 2d, Constitutional Law §§ 394, 405.
[7] 19 Am Jur 2d, Corporations § 1447.

(MCL 450.1602[c], 450.1611[4]; MSA 21.200[602][c], 21.200[611][4]).

2. CORPORATIONS — ARTICLES OF INCORPORATION — DISSENTER'S
   RIGHTS — REDEMPTION — STATUTES.

   A holder of adversely affected shares of a corporation who does not vote for or consent in writing to a proposed amendment to the articles of incorporation which materially alters or abolishes a preferential right of shares having preferences or creates, alters, or abolishes a material provision or right regarding the redemption of such shares or a sinking fund for the redemption or purchase thereof may dissent and receive payment for the shares but not in excess of the lesser of a sum payable upon redemption of the shares or liquidation of the corporation (MCL 450.1621; MSA 21.200[621]).

3. CORPORATIONS — REDEMPTION — STATUTES.

   The right of redemption of shares of a corporation arises out of a contract between holders of the shares and the corporation under terms agreed upon by the parties and set forth in the articles of incorporation; it is not a general right to a pro rata distribution of assets upon dissolution (MCL 450.1361-450.1366; MSA 21.200[361]-21.200[366]).

4. CORPORATIONS — DISSENTER'S RIGHTS — DURATION OF CORPORA-
   TIONS — REDEMPTION — STATUTES.

   A dissenting shareholder in a corporation does not have a statutory right to obtain appraisal and payment of his shares upon the occurrence of a particular corporate change, such as a renewal or extension of corporate existence, absent provision by the Legislature therefor.

5. CORPORATIONS — DISSOLUTION OF CORPORATIONS — COURTS —
   REMEDIES — STATUTES.

   The circuit court of the county in which the registered office of a corporation is located may, upon the establishment that certain acts of the directors or those in control of the corporation are illegal, fraudulent, or wilfully unfair or oppressive to the corporation or a shareholder in an action by the shareholder for dissolution, order the corporation or its officers, directors, or other shareholders responsible for the wrongful acts to purchase the shares of the complaining shareholder at their fair value (MCL 450.1825; MSA 21.200[825]).

6. CONSTITUTIONAL LAW — STATES — RESERVED POWER CLAUSE —
   IMPAIRMENT OF CONTRACTS — PROPERTY RIGHTS.

   A state, through legislation under its reserved powers, may not

destroy vested property rights or impair contractual obligations of third parties (US Const, art I, § 10, Const 1908, art 2, § 9, Const 1963, art 1, § 10).

7. CORPORATIONS — DURATION OF CORPORATIONS — POWERS OF LEGISLATURE — STATUTES.

A provision in a corporation's articles of incorporation limiting its duration to a certain term pursuant to the law in effect at the time of incorporation and conditioning any extension of such term on affirmation by two-thirds of the outstanding shareholders does not give any shareholders a right to have the corporation expire where a shareholder's right to cast his votes in opposition to such expiration was continuously subject to the power of the Legislature to alter the rights and privileges granted in the corporate charter and the Legislature in fact did abrogate limitations on the duration of corporate life (MCL 450.1602[c], 450.1611[4]; MSA 21.200[602][c], 21.200[611][4]).

*Kerr, Russell & Weber* (by *Robert R. Nix* and *Daniel G. Beyer*), for plaintiffs.

*Law, Weathers & Richardson,* for defendants.

Before: CYNAR, P.J., and J. H. GILLIS and ALLEN, JJ.

PER CURIAM. Plaintiffs, as minority shareholders of Magline, Inc., commenced suit against the corporation and individual members of management seeking, *inter alia,* dissenter's rights to the corporation's action extending its life from 30 years to an indefinite term. MCL 450.1621; MSA 21.200(621). Partial summary judgment was granted by the lower court, dismissing all claims for dissenter's rights. Plaintiffs appeal from the resulting final order.

Magline was incorporated in 1947 for a term of 30 years, which was then the maximum term permitted by Michigan law. To extend the corporate term, an affirmative vote of the holders of two-thirds of the outstanding shares was required.

Const 1908, art 12, § 3. Constitutional limitations on the duration of corporate life were abrogated in 1963. Pursuant to the Michigan Business Corporation Act, 1972 PA 284, a corporation may amend its articles to change its duration by the vote of holders of a simple majority of outstanding shares. MCL 450.1602(c), 450.1611(4); MSA 21.200(602)(c), 21.200(611)(4).

At a 1975 shareholders meeting, Magline's articles of incorporation were amended by a majority vote to extend the corporate life to a perpetual term. Plaintiffs, who own approximately 41% of the outstanding shares, voted against the amendment.

MCL 450.1621; MSA 21.200(621) allows for dissenter's rights where an amendment materially affects a preferential right or a right to redemption.[1] We do not agree with plaintiffs' interpretation of the right to redemption as including the right of pro rata distribution of assets upon the dissolution of a corporation. Therefore, we cannot agree that upon the impending expiration of the corporation's existence plaintiffs were possessed of a right of redemption which was materially altered by the amendment extending the corporate term.

While the term "redemption" is not specifically defined by the Business Corporation Act, certain

---

[1] "(1) A holder of adversely affected shares who does not vote for or consent in writing to a proposed amendment may dissent, pursuant to §§ 761 and 762 and receive payment for the shares, if the amendment does either of the following:

"(a) Materially alters or abolishes a preferential right of such shares having preferences.

"(b) Creates, alters or abolishes a material provision or right in respect of the redemption of such shares or a sinking fund for the redemption or purchase of such shares.

"(2) A dissenting shareholder shall not receive payment in excess of the sum payable upon redemption of the shares or liquidation of the corporation, whichever is less."

sections indicate that the term does not extend to the general right to a pro rata distribution of assets upon dissolution. MCL 450.1361-450.1366; MSA 21.200(361)-21.200(366). Redemption arises out of a contract between the corporation and its shareholders, whereby the corporation agrees to repurchase the shares under terms agreed upon by the parties and set forth in the articles. See generally 11 Fletcher, Cyclopedia Corporations, §§ 5308-5312, pp 580-597. Redemption privileges are often granted in an effort to raise capital from those investors who desire a more secure investment than common stock without the promise to repurchase. *Affeldt v Dudley Paper Co,* 306 Mich 39, 46; 10 NW2d 299 (1943).

Dissenter's rights is a specific remedy granted only in specific situations set forth by statute. Had the Legislature intended to extend the right to shareholders dissenting to an amendment extending the corporate term, it could have specifically done so as have other jurisdictions.

"Some statutes permit appraisal and payment of stock owned by stockholders who dissent to a renewal or extension of corporate existence. But it has been deemed that unless the legislature has provided for the right of a dissenting stockholder to obtain appraisal and payment of his shares where a particular corporate change is made, he does not have such right." 19 Am Jur 2d, Corporations, § 510, p 49. (Footnotes omitted.)

The extension of the corporate term in this case had a substantial effect on plaintiffs as minority shareholders. While this might be a situation where appraisal rights would be appropriate, there is simply no basis for allowing these rights under § 621 of the Business Corporation Act.

This does not mean that the trial court cannot

find that plaintiffs are entitled to have their stock purchased by the corporation as relief for unfair and oppressive conduct under MCL 450.1825; MSA 21.200(825).[2] The relevant counts of plaintiffs' complaint requested relief under both § 621 and § 825. While the trial court dismissed Count II of the complaint only with regard to its claim of dissenter's rights, Count IV was dismissed in its entirety. Although there is some redundancy in the two counts, the relief asked for in Count IV pursuant to § 825 should have been preserved as was done with Count II.

Plaintiffs also contend that the Business Corporation Act, to the extent it altered the voting requirement for extending the corporate term, is an unconstitutional infringement on their vested contractual rights. US Const, art I, § 10, Const 1908, art 2, § 9, Const 1963, art 1, § 10. See *Trustees of Dartmouth College v Woodward,* 17 US 518 (4 Wheat); 4 L Ed 629 (1819). We disagree.

At the time of the Magline incorporation, Michigan had enacted a constitutional provision reserving the power to amend, alter, repeal, or abrogate the laws pertaining to the formation and rights and privileges of corporations. Const 1908, art 12,

---

[2] "(1) The circuit court of the county in which the registered office of the corporation is located may adjudge the dissolution of, and liquidate the assets and business of, a corporation, in an action filed by a shareholder when it is established that the acts of the directors or those in control of the corporation are illegal, fraudulent or wilfully unfair and oppressive to the corporation or to such shareholder.

"(2) In an action filed by a shareholder to dissolve the corporation on a ground enumerated in subsection (1), the circuit court upon establishment of such ground may make such order or grant such relief, other than dissolution, as it deems appropriate, including, without limitation; an order providing for any of the following:

\* \* \*

"(d) Purchase at their fair value of shares of a shareholder, either by the corporation or by the officers, directors or other shareholders responsible for the wrongful acts."

§ 1.[3] The Supreme Court has approved legislation under the reserved power clause allowing for changes in corporate charters. *E.g., Attorney General ex rel Dusenbury v Looker,* 111 Mich 498; 69 NW 929 (1897), *Stott v Stott Realty Co,* 288 Mich 35; 284 NW 635 (1939), *Detroit & Canada Tunnel Corp v Martin,* 353 Mich 219; 91 NW2d 525 (1958).

Nonetheless, a state may not under its reserved power impair or destroy vested property rights or impair the contractual obligations of third parties. *Coombes v Getz,* 285 US 434; 52 S Ct 435; 76 L Ed 866 (1932). Thus, in *Sutton v Globe Knitting Works,* 276 Mich 200; 267 NW 815 (1936), the Court held that the right of a preferred stockholder to have his stock redeemed on a given date could not be altered by legislation under the reserved power clause allowing shareholders to amend the articles of incorporation and thus postpone the redemption date.

The present case is distinguished by the nature of the expectation that has allegedly been impaired. We do not characterize any belief the plaintiffs might have had that the corporation would expire, absent a two-thirds vote for extension, as a vested contractual right. The fact that plaintiffs initially had the power to prevent extension by virtue of their substantial minority holdings does not give rise to a right to have the corporation expire. The power of plaintiffs to cast their votes in opposition to an amendment to extend the corporate existence was continuously subject to the power of the Legislature to alter the

[3] "Corporations may be formed under general laws, but shall not be created, nor shall any rights, privileges or franchises be conferred upon them, by special act of the legislature. All laws heretofore or hereafter passed by the legislature for the formation of, or conferring rights, privileges or franchises upon corporations and all rights, privileges or franchises conferred by such laws may be amended, altered, repealed or abrogated."

rights and privileges granted in the corporate charter. Plaintiffs have not suffered an unconstitutional impairment of a contractual right.

Affirmed, except as to that part of the trial court's order dismissing relief pursuant to § 825 in Count IV of plaintiff's complaint. No costs.