FRIGID FOOD PRODUCTS, INC., *v.*
CITY OF DETROIT

1. APPEAL AND ERROR—CONSTITUTIONAL LAW—STATUTES.
    The constitutionality of a statute will not be considered for the first time on appeal, especially where the issue was not raised in the pleadings and was specifically withdrawn at the pre-trial conference.

2. TAXATION—STATUTES—EXEMPTIONS—CONSTRUCTION.
    Statutes exempting persons or property from taxation are to be strictly construed.

3. TAXATION—PERSONAL PROPERTY TAX—EXEMPTION—PUBLIC WAREHOUSE—"AFFILIATE".
    Two companies were "affiliated" within the meaning of the statute providing that a warehouse operated, leased, or owned by an affiliate of the warehouseman is not a public warehouse for purposes of entitling the affiliate to an exemption from personal property taxes on goods in a public warehouse where

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur 2d, Appeal and Error § 574.
[2] 51 Am Jur, Taxation § 524.
[3] 51 Am Jur, Taxation §§ 529, 539.

with the exception of one person, the stockholders, board of directors, and officers of the taxed corporation and the warehouse company were the same (MCLA § 211.9).

Appeal from Wayne, Edward S. Piggins, J. Submitted Division 1 October 15, 1970, at Detroit. (Docket Nos. 7837 and 7838.) Decided March 22, 1971.

Complaint by Frigid Food Products, Inc. against the City of Detroit and the County of Wayne for refund of property taxes paid. Judgment for defendants. Plaintiff appeals. Affirmed.

*Barris, Sott, Denn & Driker* (by *David L. Denn* and *James A. Simpson*), for plaintiff.

*William L. Cahalan*, Prosecuting Attorney, *Aloysius J. Suchy*, Assistant Prosecuting Attorney, and *William F. Koney*, Assistant Prosecuting Attorney, for defendant County of Wayne.

*Michael M. Glusac*, Corporation Counsel, and *Julius C. Pliskow* and *Lawrence W. Morgan*, Assistants Corporation Counsel, for defendant City of Detroit.

Before: J. H. GILLIS, P. J., and DANHOF and MAHINSKE,* JJ.

MAHINSKE, J. Plaintiff Frigid Food Products was, for the purposes of 1965 Wayne County and City of Detroit personal property taxes, the owner of certain personal property. The original $110,590 tax assessment of that property was sought to be increased by the Board of Assessors of the City of

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Detroit upon petition filed with the State Tax Commission. Over the duly-filed protest of plaintiff, the commission granted the request of that petition and increased the assessed valuation to $235,960, including $128,380 of farm products in storage in the General Cold Storage Warehouse. Thereafter, the County of Wayne submitted a supplementary tax bill to plaintiff in the amount of $1,052.17 and the City of Detroit similarly submitted a supplementary tax bill in the amount of $5,327.52. Both amounts were paid to the appropriate treasurers, under protest, on February 18, 1966.

The order of the State Tax Commission increasing the assessment was based upon their conclusion that plaintiff's farm products stored in General's warehouse were not entitled to the exemption from personal property taxation contained in MCLA § 211.9 (Stat Ann 1970 Cum Supp § 7.9), based upon a finding that plaintiff and General were "affiliated" corporations within the meaning of that statute which provides in part:

"No portion of a public warehouse, dock or port facility leased to a tenant or no portion of any premises owned or leased or operated by a consignor or consignee or any affiliate or subsidiary of such consignor or consignee shall be deemed to be a public warehouse, dock or port facility."

Plaintiff challenged the assessment in Wayne County Circuit Court. At the pre-trial conference plaintiff included challenges to the constitutionality of the statute as being too vague and failing to set forth intelligible standards for defining the term "affiliate". Defendants objected to the inclusion of the constitutional issues and plaintiff subsequently withdrew the objection. The issue before the circuit court was whether General Cold Storage Warehouse was an affiliate of Frigid Food Products so as

to exclude plaintiff from the personal property tax exemption.

The trial court found that Frigid and General were affiliated and that the assessment was proper. This decision was based upon a determination that "affiliated" means "connected" and that plaintiff did not establish its right to an exemption by a preponderance of the evidence.

Plaintiff attempts to raise the constitutional issue again on appeal. This Court will not entertain a question which was not raised in the pleadings, was specifically withdrawn by plaintiff at the pretrial conference, and where it is apparent on the record that plaintiff not only could but did decide to proceed without reference to the principles of constitutional law. *Mitchell* v. *Grewal* (1953), 338 Mich 81, 87; *Ridenour* v. *County of Bay* (1962), 366 Mich 225, 243; *Azzaro* v. *Stupar* (1969), 17 Mich App 170, 172.

Divested, by its own actions, of constitutional questions, the appellant's case before this Court is based upon affirmance or reversal of the trial court's holding that appellant's connection with General Cold Storage Warehouse comes within the definition or application of "affiliate" as used in the exemption clause of the act under review here.

The facts of economic life with regard to Frigid Food Products (appellant) and General Cold Storage Warehouse are as follows:

| *Frigid Food Products* | *General Cold Storage* |
| --- | --- |

### *Officers*

| | |
| --- | --- |
| Joseph Roth, President | Irwin Roth, President |
| Philip Wechsler, V.P. | Philip Wechsler, V.P. |
| Herbert Sott, V.P. | |
| Irwin Roth, Sec. Treas. | Joseph Roth, Sec. Treas. |

*Board of Directors*

William Roth, Chairman          Joseph Roth, Chairman
Joseph Roth                              Philip Wechsler
Irwin Roth                                Irwin Roth
Herbert Sott

*Stockholders*

Joseph Roth                              Joseph Roth
Irwin Roth                                Irwin Roth
Anna Roth
William Roth
Lillian Roth Greenstone
    doing business as LRG Co.
(William and Anna Roth are the parents of Irwin, Joseph & Lillian)

Only in the case of the Board of Directors of General Cold Storage (*re:* Philip Wechsler) is there a lack of complete duplication of the parties on the opposite side of the above ledger. A mere fleeting glance at such ledger would ring bells of affiliation in the mind of even a trainee tax collector, much less the hawk-eyed tax agents of appellees.

The trial court below held there was a showing of some evidence of affiliation or relationship between Frigid and General and, therefore, the exemption was not available to Frigid. We agree.

Statutes and provisions exempting persons or property from taxation are strictly construed, *McConnell* v. *Township of Lake* (1916), 191 Mich 544; *Remus* v. *City of Grand Rapids* (1936), 274 Mich 577. To construe the exemption provision of the statute under examination to not include the fact situation now before this Court would be to hold "affiliate" a meaningless word. Such is the argument, in law, of appellant here. With such argument we cannot and do not agree.

This Court finds in *these* cases of *Frigid Food Products* v. *City of Detroit* and *Frigid Food Products* v. *County of Wayne* that there was a definite affiliation between plaintiff and General Cold Storage as that term is generally understood in its common usage. MCLA § 8.3 (Stat Ann 1969 Rev § 2.212).

Affirmed. No costs, a public question being involved.

All concurred.