SNITE v LIFE INSURANCE COMPANY OF NORTH AMERICA

1. INSURANCE—EXCLUSIONS—CONSTRUCTION.

   Exclusions in a policy of insurance should be construed in accordance with the ordinary and popular sense of the language used.

2. INSURANCE—EXCLUSIONS—CORPORATIONS—AFFILIATES.

   A corporate owner of an aircraft was properly found to be an "affiliate" of a corporation holding an insurance policy for purposes of an exclusion in the insurance policy, where the owner corporation was formed by the policyholder and a third corporation for the sole purpose of purchasing the aircraft and leasing it to the incorporators, 50 percent of the stock of the owner corporation was owned by the policyholder, and the same person served as president of both corporations.

3. INSURANCE—EXCLUSIONS—CORPORATIONS—CORPORATE AIRCRAFT—FARE-PAYING PASSENGER.

   A corporate executive traveling in an aircraft which is owned by an affiliate of the corporation and used exclusively by the corporation and a partner corporation is not a fare-paying passenger on a regularly scheduled aircraft and is therefore subject to an insurance policy exclusion which denies coverage to persons participating in aeronautic activities other than as a fare-paying passenger on a regularly scheduled aircraft.

Appeal from Kent, Stuart Hoffius, J. Submitted December 9, 1976, at Grand Rapids. (Docket No. 26074.) Decided January 6, 1977.

Complaint by Audrey M. Snite, for herself and as executrix and personal representative of the estate of Mathias J. Snite, Jr., deceased, against the Life Insurance Company of North America and Grand Rapids Label Company for recovery of

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 43 Am Jur 2d, Insurance §§ 265, 270, 276.
   44 Am Jur 2d, Insurance § 1538.

the proceeds of two policies of life insurance. Summary judgment for defendant insurance company. Plaintiff appeals. Affirmed.

*Seymour I. Rosenberg* and *Spangenberg, Shibley, Traci, Lancione & Markus,* for plaintiff.

*Dilley, Dewey & Waddell* (by *William J. Waddell* and *Jonathan S. Damon),* for defendant Life Insurance Company of North America.

*Miller, Johnson, Snell & Cummiskey* (by *Stephen C. Bransdorfer* and *Bert J. Fortuna),* for defendant Grand Rapids Label Company.

Before: R. B. Burns, P. J., and Quinn and Beasley, JJ.

R. B. Burns, P. J. Plaintiff initiated this action as the named beneficiary of two group life insurance policies covering the life of her deceased husband. These policies had been purchased and maintained by defendant Grand Rapids Label, decedent's employer, from defendant Life Insurance Company of North America (INA).

Plaintiff's husband was Marketing Vice President of Grand Rapids Label. He was killed on May 14, 1974 in the crash of a Beechcraft Baron aircraft into Lake Erie after takeoff from Cleveland Airport. The plane was owned by a new Michigan corporation known as GRP, Ltd. This corporation was created by Grand Rapids Label and by another company as sole and equal stockholders for the purpose of purchasing an aircraft and leasing that aircraft back to the incorporating companies.

Both plaintiff and INA sought a summary judgment under GCR 1963, 117.2(3) as to the question of liability on the policies. The trial court denied

plaintiff's motion and granted INA's on the ground that the insurer had no obligation to pay proceeds by reason of exclusionary clauses contained in the policies. Plaintiff's appeal contends that she should have been the recipient of the summary judgment.

The first INA policy, No.OKY-5495, was for $100,000 and contained the following exclusion:

"With respect to air travel, the insurance afforded shall apply to loss caused by or resulting from travel or flight in any aircraft, or any other device for aerial navigation, including boarding or alighting therefrom, except * * *

"(d) [Where] any such aircraft or device which is owned or leased by or on behalf of the Policyholder [Grand Rapids Label] or any subsidiary or affiliate of such Policyholder."

The second policy, No. GL-5268, paid $45,000 with double indemnity for accidental death subject to its own exclusion:

"No benefits shall be paid for * * * (3) Any loss caused directly or indirectly, wholly or partly, or contributed to substantially by; * * * (f) Participation in aeronautic operations or activities except as a fare-paying passenger on a regularly scheduled aircraft."

We believe that the language of these exclusions is clear and unambiguous when "construed in accordance with the ordinary and popular sense of the language used". *Kinnavy v Traill,* 56 Mich App 370, 375; 223 NW2d 741 (1974), *aff'd,* 397 Mich 521; 244 NW2d 924 (1976). Our question thus reduces to whether these exclusions are properly invoked by the facts of this case.

The trial court found that the exclusion in OKY-5495 was applicable because the owner of the

aircraft, GRP, Ltd., was an "affiliate" of Grand Rapids Label. We agree.

*Braun v Insurance Company of North America,* 488 F2d 1066 (CA 5, 1974), involved the same exclusionary clause (and the same defendant insurer). The court defined the term "affiliate" broadly "in the context of the present day corporation" to support its conclusion (p 1068):

"What was intended was to exclude coverage for deaths or injuries while a passenger in a 'company' airplane. The clause clearly defined what the 'company' was in broad but economically understandable terms."

The following facts in our case are undisputed: (1) GRP, Ltd. was incorporated approximately two weeks prior to the fatal accident; (2) GRP, Ltd. was the owner of the airplane; (3) the sole purpose of GRP, Ltd. was to make arrangements with Grand Rapids Label and its partner [Grand Rapids Forging] for the use of the plane; (4) 50 per cent of the stock of GRP, Ltd. was owned by Grand Rapids Label; (5) the president of Grand Rapids Label was also the president of GRP, Ltd.

In *Frigid Food Products, Inc v Detroit,* 31 Mich App 402, 407; 187 NW2d 916 (1971), this Court affirmed the trial court's finding that two corporations were affiliated, "as that term is generally understood in its common usage". This finding was based upon a determination that "affiliated" means "connected". The Court emphasized an identity of officers and stockholders comparable to that in our case. We similarly conclude that the trial judge was correct in holding the exclusion in OKY-5495 applicable in this case.

In construing policy No. GL-5268, the trial judge found that decedent "was participating in aeronautic operations or activity within the common

meaning of those terms, but that he was not a 'fare-paying passenger on a regularly scheduled aircraft' ". Again, we agree. *Burns v Mutual Benefit Life Insurance Co,* 79 F Supp 847, 853 (WD Mich, 1948), *First National Bank of Chattanooga v Phoenix Mutual Life Insurance Co,* 62 F2d 681 (CA 6, 1933).

Plaintiff argues in the alternative that any decision by us affirming the exclusions necessarily renders Grand Rapids Label liable for breach of the following passage in decedent's contract of employment:

"The employer, further recognizing the nature of the employee's work and especially the amount of travel involved in that endeavor, agrees to maintain an accidental death policy in the amount of $100,000 upon the life of the employee, or some other equivalent insurance * * * ."

The facts reveal that "other equivalent insurance" was purchased by the company; specifically, a $100,000 voluntary settlement policy acquired from United States Aviation Underwriters to cover travel in the fatal aircraft. The enforceability of this policy has been affirmed by this Court. *GRP, Ltd v United States Aviation Underwriters, Inc,* 70 Mich App 671; 247 NW2d 583 (1976).

The judgment of the trial court is affirmed.

Costs to defendants.