McCONNELL v. TOWNSHIP OF LAKE.

1. TAXATION—HOMESTEAD—SOLDIER'S EXEMPTION.

The provisions of Act No. 174, Pub. Acts 1911, 1 Comp. Laws 1915, § 4001, exempting from taxation the property of soldiers, occupied as a homestead, to the value of $1,000, are to be strictly construed, and, though beneficent in purpose, the act is not subject to the rule of liberal interpretation applied to remedial statutes or to those which create exemption from execution.

2. SAME—HOMESTEAD—OCCUPATION—CURTILAGE.

Lots not within the curtilage, or adjacent to plaintiff's home or fixed residence, though in the same block, two lots being separated from the residence by a regularly laid out alley, and upon one a pool room and ice cream parlor being situated, while the other was occupied by a dwelling that he rented and an ice house, were not entitled to exemption within the meaning of the act aforesaid.

3. SAME—DEFINITION—CONSTITUTIONAL LAW.

The constitutional definition of a homestead, as related to the exemption from levy or sale under execution, limits the right of the claimant to one village lot with the house or residence. Cf. section 2, Art. xiv, Constitution.

Case-made from Missaukee; Lamb, J.  Submitted April 11, 1916.  (Docket No. 72.)  Decided June 1, 1916.

Assumpsit by James McConnell against the township of Lake, in the county of Missaukee, to recover a tax paid under protest.  Judgment for defendant.  Plaintiff brings error.  Affirmed.

*E. F. Sawyer,* for appellant.

*Arthur W. Penny,* for appellee.

STEERE, J.  Plaintiff, a veteran of the Civil War, resided in the village of Jennings, Lake township, Missaukee county, Mich., where he owned three village lots, which, as part of the property within the platted limits of said village, appeared against his name on the assessment roll of the township of Lake for the year 1914, as follows:

"Lot one 1, block I—Soldier's Exemption.  Lot eleven 11, block I, assessed $250.  E. ½ lot 12, block I—Soldier's Exemption.  W ½ lot 12, block I, assessed $200."

After demand of payment by the tax collector and threat of levy, plaintiff paid the taxes assessed against lot 11 and west one-half of lot 12 under protest, claiming that the property above described was all exempt from taxation under the soldier's homestead exemption law, and brought this action to recover the amount so paid, aggregating, with collection fees, etc., $18.22.  The cause was tried in the circuit court of Missaukee county without a jury, resulting in a judgment of no cause of action.

From the record and findings filed by the court the following facts appear without dispute:  The village of Jennings is located within and forms a part of the township of Lake, and was unincorporated at the time

191 Mich.—35.

of making the assessment in question, but had been regularly laid out, surveyed, and platted into blocks and lots, separated by streets, avenues, and alleys, according to a plat made in compliance with statutory requirements, which had been duly approved and recorded in the office of the register of deeds of Missaukee county. In making the assessment of property within the limits of said vilage, the assessing officers of Lake township described the real estate by lots and blocks. Of the three lots which plaintiff owned, lot 1, upon which he resided, is separated from lots 11 and 12 by a regularly laid out and platted public alley. The situation is thus found and stated by the court:

"That upon lot 1, block I, there was a dwelling occupied by the plaintiff as his home; that upon the east half of lot 12, block I, and on the opposite side of the alley from lot 1, was a barn used by the plaintiff in connection with his dwelling house, on lot 1; that upon the west half of lot 12 is located a pool room and ice cream parlor, which for several years had been used as a dance hall; that upon lot 11, block I, an ice house and a dwelling house are located; and that the ice house is made use of by the plaintiff in the sale of ice, and the dwelling on lot 11 is rented to tenants. That said lots 1, 11, and 12, block I, and the buildings thereon, are not worth the sum of $3,000, and that lot 1 and east half of lot 12 are not worth the sum of $1,000."

Section 7 of the general tax law, which provides what real property shall be exempt from taxation, includes in subdivision 11 "all real estate to the value of one thousand dollars used and owned as a homestead by any soldier," etc. Act No. 174, Pub. Acts 1911 (1 How. Stat. [2d Ed.] § 1775 [1 Comp. Laws 1915, § 4001]).

As this case is presented by the record and argument in briefs of contending counsel, it turns upon construction of the language above quoted from the soldiers' exemption law, and particularly the meaning

to be given to the word "homestead" in the connection used.   Upon that proposition the trial court said:

"Homesteads, while exempt from levy and sale on execution are, as a rule, assessed for taxation. Any exemption therefrom is a special privilege, and as such should not be extended by construction. The purpose of the soldiers' exemption act is plainly a beneficent one. From the early days it has been the avowed policy of our courts to hold exemption laws, even though beneficent in their purpose, in derogation of equal rights, and to subject them to a strict construction for that reason."

Counsel for plaintiff urges that in thus applying the rule of strict construction to this statute the court started wrong, and "with this wrong start it was next to impossible to come to a right conclusion." In support of this contention counsel cites and quotes from a line of authority sustaining the rule of liberal construction for remedial statutory provisions exempting homesteads and other property from execution and sale by creditors. A provision exempting from taxation is under consideration here. The line of demarcation between statutes exempting from execution and those exempting from taxes is well defined. The one grants a property right, while the other is a mere matter of favor. Statutes and provisions exempting persons or property from taxation are strictly construed. 2 Sutherland on Stat. Const. (2d Ed.) § 539; 1 Cooley on Taxation (3d Ed.), p. 357; *St. Joseph's Church* v. *City of Detroit*, 189 Mich. 408 (155 N. W. 588) ; *In re Walker*, 200 Ill. 566 (66 N. E. 144) ; *Cooper Hospital* v. *City of Camden*, 70 N. J. Law, 478 (57 Atl. 260) ; 37 Cyc. pp. 891, 892, and cases there cited. These authorities fully sustain the views expressed by the trial court upon that subject.

The constitutional definition of a homestead (article 14, § 2), as to size of site, though relating to exemption from forced sale on execution or other final pro-

cess of a court, limits it to 40 acres in unplatted territory, and not to exceed one lot within a recorded town plat, city or village, which need not be incorporated. Even under the rule of liberal construction applicable to exemption from execution, it has been said that such a provision extends only to such contiguous territory as is occupied as a homestead, which means the—

"home, the house, and the adjoining land, where the head of the family dwells.  *  *  *  It does not extend to other tenements, lots, and farms, that are not occupied personally by the owner and his family; houses in which they do not dwell.  *  *  *  And the term does not necessarily imply all those parcels of land, which may adjoin and be occupied together, for the homestead is the place of the house." *Hoitt* v. *Webb,* 36 N. H. 158.

This case is the basis of the definition found in Black's Law Dictionary, which defines a "homestead" as:

"The home place; the place where the home is. It is the home, the house and adjoining land, where the head of the family dwells; the home farm. The fixed residence of the head of a family, with the land and buildings surrounding the main house."

The taxed property in this case was not within the curtilage of nor adjacent to plaintiff's home or fixed residence. It was neither occupied nor used by him as a homestead. For the use to which it was devoted it might as well have been located in some other part of the village, aside from the convenience of getting to it from his home. A portion of it was rented, and a portion used for business purposes. Its status was neither within the letter nor the spirit of the act, which exempts from taxation "real estate used and owned as a homestead by any soldier," etc. We think the trial court correctly held as a conclusion of law that:

"In exempting lot 1 (upon which plaintiff resided) and the east half of lot 12, block I, the supervisor of Lake township gave the plaintiff the benefit of all he was entitled to under the act in question."

The judgment is affirmed.

Stone, C. J., and Kuhn, Ostrander, Bird, Moore, Brooke, and Person, JJ., concurred.