REMUS *v.* CITY OF GRAND RAPIDS.

1. STATUTES—CONSTRUCTION—RELATED ACTS.

   In construing a particular statute or interpreting any of its provisions, all acts relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law.

2. EVIDENCE—JUDICIAL NOTICE—LEGISLATIVE JOURNALS.

   Supreme Court takes judicial notice of facts shown by journals of the house of representatives and senate.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE.

   In suit to enforce alleged exemption of homestead of Spanish war veteran from taxation, matters of violation of constitutional provisions for uniformity of taxation, power of local units to exempt from taxation and obedience to tax exemption provisions are not considered where appellee expressly waives such questions.

4. STATUTES—CONSTRUCTION.

   Words occurring in a statute which can be given no effect consistent with the plain intent of the statute must be rejected as without meaning and will be eliminated or regarded as surplusage.

5. SAME—INTENT—RESTRICTION OF GENERAL WORDS.

   Significance and effect shall, if possible, be accorded to every section, clause, word or part of a statute; and the court must reconcile different provisions so as to make the whole act consistent and harmonious to give effect to manifest legislative intent, although in so doing meaning or application of general words may be restricted.

6. SAME—CONSTRUCTION.

   One provision in a statute is not to be construed so as to render nugatory any other provision if, by any reasonable construction, it may be unnecessary to do so.

7. TAXATION—EXEMPTIONS—STATUTES—LOCAL GOVERNING BODIES.
    Section of general property tax law providing "the following real property shall be exempt from taxation" followed by subdivision as to certain war veterans, to which a paragraph was appended permitting county, township, school district, city or village by two-thirds vote of its governing body to grant a *similar* exemption as provided in exemption from State property tax *held*, to continue exemption from State tax but not local taxes unless and until local units adopted same policy, in view of history of general property tax law, constitutional amendment seriously curtailing revenue from tax on real property, change of State policy with respect to such tax by discontinuance of reimbursement of local unit, and legislative history of amendatory act providing such restrictive paragraph (1 Comp. Laws 1929, § 3389 *et seq.*, § 3395, as last amended by Act No. 243, Pub. Acts 1933; Const. 1908, art. 10, § 21).

8. SAME—EXEMPTIONS—STRICT CONSTRUCTION OF STATUTES.
    Statutes exempting property from taxation grant a property right and are to be strictly construed.

9. COSTS—PUBLIC QUESTION—TAXATION—STATUTES.
    In case involving construction of tax exemption statute, no costs are allowed, a public question being involved.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted January 28, 1936. (Docket No. 131, Calendar No. 38,793.) Decided March 2, 1936.

Bill by William J. Remus against City of Grand Rapids, a municipal corporation, and others to set aside assessments, to restrain the levying of certain taxes and for other relief. Board of Education of the City of Grand Rapids and the County of Kent intervene as parties defendant. Bill dismissed. Plaintiff appeals. Affirmed.

*David H. Crowley, Arthur E. Kidder* and *Daniel J. O'Hara,* for plaintiff.

*Ganson Taggart,* for defendants and intervening defendant Board of Education of Grand Rapids.

*Bartel J. Jonkman,* Prosecuting Attorney, and *Fred N. Searl,* Assistant Prosecuting Attorney, for intervening defendant County of Kent.

BUSHNELL, J.    The parties, agreeing upon the desirability of a final construction of the statute involved in this cause, have stipulated the facts and appellees have waived their motion to dismiss for the reason that 1 Comp. Laws 1929, § 3507, prohibits the issuance of an injunction to restrain the collection or assessment of a tax.

Plaintiff is an honorably discharged soldier of the United States army who served in the 32d regiment of Michigan Volunteers from May 11th to October 27, 1898, during the war with Spain.

He filed an affidavit on January 31, 1935, with the city assessors of Grand Rapids claiming an exemption of his homestead from taxation, but neither the city commission, board of education nor board of supervisors passed any resolution allowing the exemption.

Plaintiff says his property, being of a less assessed value than $2,000, is exempt from taxation by reason of the statute, 1 · Comp. Laws 1929, § 3395, as amended by Act No. 243, Pub. Acts 1933, while defendants say that the affirmative action of the various governing bodies is indispensable. The parties agree in substance that the act is susceptible of either construction and ask us to say which is the correct view.

The trial court denied the relief· sought by plaintiff and dismissed his bill of complaint.

The general property tax law, Act No. 206, Pub. Acts 1893, being 1 Comp. Laws 1929, § 3389 *et seq.,* contains various exemptions of real property from taxation.   Act No. 243, Pub. Acts 1933, amended 1

Comp. Laws 1929, § 3395, subd. 11, to read as follows:

"All real estate to the value of two thousand dollars used and owned as a homestead by any soldier or sailor of the Federal government who served three months or more, or who was honorably discharged in less than three months of service because of disability as the result of service, during the Philippine insurrection, the China relief expedition, the Spanish-American, Indian, Civil or Mexican war, and who shall have attained the age of fifty years, and all real estate to the value of two thousand dollars used and owned as a homestead by any wife or widow of such soldier or sailor: Provided, however, That should any such homestead exceed in value the sum of two thousand dollars, it shall be exempt only to the amount of such sum: Provided further, That any soldier or sailor or the wife or widow of any such soldier or sailor desiring to accept the benefits named in this section as to the exemption from taxation shall annually make and file with the supervisor or assessing officer an affidavit stating under oath that he was a soldier or sailor of the Federal government during the Philippine insurrection, the China relief expedition, the Civil, Indian, Mexican or Spanish-American war for a period of not less than three months, or was honorably discharged in less than three months of service because of disability as the result of service and in case it be the wife or widow of a soldier or sailor making such application, such affidavit must state that she is the wife or widow of a soldier or sailor of the Federal government at the present time, who served not less than three months as such soldier or sailor, or was honorably discharged in less than three months of service because of disability, as the result of service, during the Philippine insurrection, the China relief expedition, the Spanish-American, Indian, Civil or Mexican war. The said affidavit

shall be sworn to before said supervisor, assessing officer or any officer authorized to administer oaths and then filed with the said officer in his office, where the same shall be open to inspection. Any person making a false affidavit in any particular for the purpose of exemption from taxation shall be deemed to be guilty of the crime of perjury, and punished accordingly: Provided, however, That this exemption shall not operate to relieve from the payment of taxes any of the persons hereinbefore enumerated who are the owners of taxable property of greater value than five thousand dollars.

"Any county, township, school district, incorporated city or village in this State, by a two-thirds vote of the governing body thereof, is hereby empowered to grant a similar exemption from taxation by such county, township, school district, incorporated city or village, respectively, as is provided in subdivision eleven of this section in the case of the exemption from the State property tax."

The controlling question for determination is the intent of the legislature.

" 'In the construction of a particular statute, or in the interpretation of any of its provisions, all acts relating to the same subject, or having the same general purpose, should be read in connection with it, as together constituting one law. The endeavor should be made, by tracing the history of legislation on the subject, to ascertain the uniform and consistent purpose of the legislature, or to discover how the policy of the legislature with reference to the subject-matter has been changed or modified from time to time.' 36 Cyc. pp. 1147–1149." (Quoted in *Miles, ex rel. Kamferbeek,* v. *Fortney,* 223 Mich. 552, 558.)

We take judicial notice of the facts shown by the journals of the house of representatives and senate. *Wilson* v. *Atwood,* 270 Mich. 317, 321.

Act No. 243, Pub. Acts 1933, as originally passed by the house did not contain the last paragraph of subdivision 11; it was added in the senate and concurred in by the house. See 2 House Journal, 1933, pp. 1992, 2012, and 2 Senate Journal, 1933, pp. 1413, 1503.

This is the history of the statute in question: Act No. 206, Pub. Acts 1893, did not contain any exemption of the homesteads of veterans. The exemption first appeared in Act No. 309, Pub. Acts 1909, by the addition of subdivision 11 of section 7 and was limited "to any soldier or sailor of the Federal government who served three months or more during the Civil War," or his widow and on homestead property not exceeding $1,200 in value. Act No. 174, Pub. Acts 1911, extended the exemption to those who served in the Mexican War, their wives or widows and reduced the amount to $1,000. Act No. 331, Pub. Acts 1919, further extended the exemption to those who served three months or more during the Spanish-American War, their wives or widows, retaining the maximum of $1,000 but adding to subdivision 11 an entirely new method of treating the exemption, viz.: the city, village or township treasurer was required to prepare a statement, of all exemptions claimed under the subdivision, which was to be forwarded to the auditor general who in turn was to draw on the State treasurer for the amount of exemptions allowed. The local taxing unit was then to be reimbursed out of the general fund by the State treasurer for the amount of such warrant. The act required the addition to the general State tax in each year an amount sufficient to reimburse the general fund. Act No. 55, Pub. Acts 1925, increased the amount of exemption to $2,000; Act No. 118, Pub. Acts 1927, added those who served dur-

ing the Philippine insurrection, and the China relief expedition; and Act No. 42, Pub. Acts 1931, added those who served in the Indian war, all without any material change in the manner of handling the exemption and still keeping the burden on the general fund of the State.

In the year 1933 a tremendous change occurred in the taxation policy of this State. Theretofore the greater burden of taxation was upon real property. At the November election of 1932, the people ratified a proposed amendment to the Constitution limiting the total amount of taxes assessed against property for all purposes in any one year to one and one-half per cent. of the assessed valuation, etc. See Art. 10, § 21, Constitution of State of Michigan (1908). Consequently the legislature of 1933 was required to make many changes in the various tax laws, one of which included the adoption of a general sales tax. Act No. 167, Pub. Acts 1933. This new form of taxation produced on retail sales during the first 11 months of its operation the sum of $34,871,949.01 according to the report of the State treasurer for the fiscal year ending June 30, 1934. The actual State levy of the general property tax was reduced from $29,000,000 in 1931 to $23,487,979.03 in 1932 and to $3,500,000 in 1933 and 1934. The levy for such biennium was only that required by the appropriations for Michigan State College and the University of Michigan. The legislature of 1935 by Acts Nos. 11, 12, repealed the existing laws which required these last-named appropriations, the consequence of which is that no State general property tax will be levied during the current biennium. See discussion in *Boyer-Campbell Co.* v. *Fry*, 271 Mich. 282, 295 (98 A. L. R. 827).

The exemption from the taxation, up to certain amounts, upon the homesteads of veterans began in 1909; the burden was assumed by the State in 1919 and continued until the effective date of the 1933 act.

Appellees' brief expressly waives the questions raised by the following subdivisions of appellant's brief, viz.:

"2. The provisions of the statute exempting property from taxation do not violate constitutional provisions of uniformity of taxation.

"3. Power to remit taxes.

"4. Provisions of law exempting property from taxation entitled to obedience."

We therefore do not discuss these questions.

The act of 1933 omitted the provisions with reference to the payment of exempted taxes by the State. It retained, however, the provision making the homesteads of certain soldiers, sailors, their wives and widows exempt up to the value of $2,000 provided they are not owners of taxable property of greater value than $5,000. It added the power to grant a *similar* exemption from taxation by "any county, township, school district, incorporated city or village in this State," etc.

Appellees contend that the legislature has made it impossible for assessing officers to omit from the local tax rolls any property of veterans unless authority is granted by a two-thirds vote of the governing body of the local taxing unit, and further that no such action has been taken in this instance.

Appellant argues that if appellees' contention is sound, the exemption granted by statute is a mere idle gesture; that the added paragraph is inconsistent with that which precedes it and should, therefore, be treated as surplusage because it is not within the spirit of the statute, citing 25 R. C. L. p. 976; 59 C. J. pp. 992 and 964 *et seq.*; 36 Cyc. p. 1131, and

2 Lewis' Sutherland, Statutory Construction (2d Ed.), pp. 797, 798.

25 R. C. L. p. 976, § 225, says:

"When words occur in a statute which can be given no effect consistent with the plain intent of the statute, they must be rejected as without meaning. And words or phrases which, if given effect, might defeat the manifest purpose of the statute, or which have no sensible meaning or relation to the purpose of the statute, will be eliminated or regarded as surplusage."

But 25 R. C. L. p. 1004, § 246, also says:

"The maxim *ut res magis valeat, quam pereat,* requires not merely that a statute shall be given effect as a whole, but that effect shall be given to each of its express provisions. It is a cardinal rule of statutory construction that significance and effect shall, if possible, be accorded to every section, clause, word or part of the act."

In *Attorney General, ex rel. McKay,* v. *Detroit & Erin Plank Road Co.,* 2 Mich. 139, 142, the court said:

"It is a cardinal rule that in the construction of a statute, effect is to be given, if possible, to every clause and section of it; and it is the duty of courts, as far as practicable, so to reconcile the different provisions as to make the whole act consistent and harmonious. If this becomes impossible, then we are to give effect to what was manifestly the intention of the legislature, although in so doing we may restrict the meaning or application of general words."

We recently said in *Matter of Landaal,* 273 Mich. 248:

"In construing statutes, if there is any proper way in which claimed inconsistencies can be recon-

ciled, the court will do so and give meaning to all parts of the act. * * * A provision in the statute is not to be construed so as to render nugatory any other provision if by any reasonable construction it may be unnecessary to do so."

See also cases therein cited.

We agree with the trial judge who said:

"If the last paragraph of subdivision 11 were omitted, plaintiff would clearly be right in his contention, because section 7 designates what property shall be exempt from all taxation, under which plaintiff's property would be included."

The inconsistencies of the section must be reconciled if possible. The history of the general tax law, the journal records pertaining to its amendment by Act No. 243, Pub. Acts 1933, the change in tax policy during that year and the ordinary and well-recognized rules of construction lead us to the conclusion that the legislative intent was only to continue to exempt the homesteads of veterans from State taxation unless and until local units adopted the same policy. The great reduction in State tax on property was undoubtedly a factor in the legislature's consideration of the matter. The word "similar" in the new paragraph is not without significance and imposes a limitation upon that which precedes it.

Section 7 reads:

"The following real property shall be exempt from taxation."

Subdivision 11 limits the exemption to the certain property therein described with the concluding and amendatory paragraph restricting the exemption to State taxes unless a "similar" exemption from taxation is granted by a two-thirds vote of the local governing body.

Such construction seems to logically follow the repeal of that part of subdivision 11 whereby the legislature determined that the State should not continue to reimburse local units out of the general fund, and that in the absence of such reimbursement, they could only be deprived of this portion of their tax revenue by the formality of their own action.

We are not unmindful of the very real and perplexing problems caused by the limitation upon the power to tax, as imposed by Const. 1908, art. 10, § 21.

"A provision exempting from taxation is under consideration here. The line of demarcation between statutes exempting from execution and those exempting from taxes is well defined. The one grants a property right, while the other is a mere matter of favor. Statutes and provisions exempting persons or property from taxation are strictly construed." *McConnell* v. *Township of Lake,* 191 Mich. 544, and see cases cited at page 547.

Before arriving at our conclusion we have examined the opinion of the Attorney General, dated January 29, 1935, *contra.*

The decree below is affirmed but without costs, this being a public matter.

FEAD, BUTZEL, EDWARD M. SHARPE, and POTTER, JJ., concurred with BUSHNELL, J.

WIEST, J. I concur in the result.

The statute is plain and needs no extended exposition.

NORTH, C. J., concurred with WIEST, J. TOY, J., did not sit.