FORD v CITY OF DETROIT

Docket No. 77-4128. Submitted October 10, 1978, at Detroit.—Decided July 11, 1979.

Verita Ford, a minor child, broke her leg while playing in a public park operated by the City of Detroit when she stepped through a three-inch space between a slide and wooden platform to which it was attached. Verita's mother, Terry Ford, brought an action individually and as next friend of Verita against the City of Detroit alleging that the design, manufacture and construction of the slide created a hazard to the safety of those using it and that the slide, as a result, constituted a nuisance. Wayne Circuit Court, Charles Kaufman, J., granted summary judgment to defendant based on the city's claim of governmental immunity from tort liability. Plaintiff appeals. *Held:*

Only nuisances per se and intentionally-created or continued nuisances in fact will defeat a claim of governmental immunity. The existence of a nuisance in fact is a fact question. To establish the necessary intent, a plaintiff must show that the defendant who created or continued the nuisance knew or must have known that harm to the plaintiff was substantially certain to follow as a result of defendant's actions. Where facts alleged by a plaintiff would at most constitute a nuisance in fact and not a nuisance per se, reversal and remand to the trial court is necessary to determine, as a question of fact, whether the conditions complained of constitute a nuisance in fact and if so, whether the nuisance was intentionally or negligently created.

Reversed and remanded.

1. NUISANCE — NUISANCE PER SE — NUISANCE IN FACT — GOVERNMENTAL IMMUNITY.

Governmental immunity does not bar liability for a nuisance per se; the maintenance of a nuisance in fact by a governmental

REFERENCES FOR POINTS IN HEADNOTES

[1, 3] 58 Am Jur 2d, Nuisances § 55.
[2, 3] 58 Am Jur 2d, Nuisances §§ 12, 13, 141.
[3] 58 Am Jur 2d, Nuisances §§ 32, 136.

body may also impose liability and overcome any claim of sovereign immunity.

2. NUISANCE — NUISANCE PER SE — NUISANCE IN FACT — DEFINITIONS — QUESTIONS OF LAW — QUESTIONS OF FACT.

The distinction between a nuisance per se and a nuisance in fact is an evidentiary one; a nuisance per se is an act, occupation or structure which is a nuisance at all times and under all circumstances; once the act has been proved, the court decides as a matter of law whether the act complained of constitutes a nuisance per se and at that point a defendant's liability is established; by contrast, a nuisance in fact is an act, occupation or structure which becomes a nuisance because of circumstances and surroundings and whether or not a particular thing is a nuisance in fact is to be resolved by the trier of fact.

3. NUISANCE — NUISANCE IN FACT — INTENTIONALLY-CREATED NUISANCES — BURDEN OF PROOF — QUESTIONS OF FACT.

Present case precedent establishes that only intentionally-created or continued nuisances in fact will defeat a claim for governmental immunity; the existence of this type of nuisance in fact must also be resolved by the trier of fact; to establish the necessary intent, a plaintiff must show that the defendant who created or continued the nuisance knew or must have known that harm to the plaintiff was substantially certain to follow as a result of defendant's actions.

*Milan & Miller, P.C.* (by *Allen S. Miller*), for plaintiff.

*Roger E. Craig,* Corporation Counsel, *George G. Matish,* Deputy Corporation Counsel, and *Gregory E. Snow,* Assistant Corporation Counsel, for defendant.

Before: M. F. CAVANAGH, P.J., and D. E. HOLBROOK, JR. and N. J. KAUFMAN, JJ.

PER CURIAM. Plaintiff appeals from the trial court's grant of summary judgment for the defendant City of Detroit.

While playing in a public park operated by the

City of Detroit, plaintiff's minor child broke her leg when she stepped through a three-inch space between a slide and the wooden platform to which it was attached. In her complaint, the plaintiff alleged that the city's design, manufacture and construction of the slide created a hazard to the safety of those using it and that the slide, as a result, constituted a nuisance. The trial court granted summary judgment based on the city's claim of governmental immunity from tort liability.

The Supreme Court has recently reexamined the impact of the nuisance doctrine on governmental immunity in *Rosario v Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Highways* and a consolidated case, *Fouchia v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978). Although no clear majority view has emerged from these cases, certain points of agreement exist between the five justices who concurred in reversal.

First, it is evident that governmental immunity does not bar liability for a nuisance per se. Furthermore, the maintenance of a nuisance in fact by a governmental body may also impose liability and overcome any claim of sovereign immunity.

The distinction between a nuisance per se and a nuisance in fact is an evidentiary one. A nuisance per se is an act, occupation or structure which is a nuisance at all times and under all circumstances. Once the act has been proved, the court decides as a matter of law whether the act complained of constitutes a nuisance per se. The defendant's liability at that point is established.

A nuisance in fact, by contrast, is an act, occupation or structure which becomes a nuisance because of circumstances and surroundings. Whether

or not a particular thing is a nuisance in fact is to be resolved by the trier of fact.

However, the five members of the Court voting for reversal in both *Rosario* and *Gerzeski* disagree as to whether all nuisances in fact may defeat a claim of governmental immunity. One view, represented by Justice MOODY's opinion in *Gerzeski, supra,* at 154, would hold that only intentionally-created nuisances in fact overcome this claim. The differing theory set out in Justice FITZGERALD's opinion in *Rosario* does not gainsay this conclusion; it simply asserts that the distinction between negligently- and intentionally-created nuisances is irrelevant in fixing liability. *Gerzeski, supra,* at 154. Because the justices adopting the first view constituted the swing votes for reversal in both cases, a cautious reading of these cases persuades us that at present only intentionally-created or continued nuisances in fact will defeat a claim of governmental immunity.

The existence of this type of nuisance in fact must also be resolved by the trier of fact. To establish the necessary intent, a plaintiff must show that the defendant who created or continued the nuisance knew or must have known that harm to the plaintiff was substantially certain to follow as a result of defendant's actions. *Rosario, supra,* at 143, fn 2 and *Gerzeski, supra,* at 161-162.

Applying the above principles to the case at bar we conclude, first, that the facts alleged by plaintiff would at most constitute a nuisance in fact and not a nuisance per se. However, we reverse and remand to the trial court for determination by the trier of fact whether (1) the conditions complained of constitute a nuisance in fact, and (2) if so, whether the nuisance was intentionally or negligently created.

Costs to abide the final outcome.