RUBINO v CITY OF STERLING HEIGHTS

Docket No. 78-2482. Submitted April 4, 1979, at Detroit,—Decided November 13, 1979. Leave to appeal applied for.

Marco Rubino was injured while working on a water main construction project for the City of Sterling Heights when a pipe plug he was removing exploded and hit his leg. A complaint was filed against Sterling Heights by Marco Rubino and his wife Anna Rubino. Prior to trial defendant filed a motion for summary judgment on the ground that the city was immune from liability under the governmental immunity statute. Plaintiffs filed a motion to amend their complaint to include counts of nuisance and breach of contract. The motion for summary judgment was granted and the motion to amend was denied, Macomb Circuit Court, Edward J. Gallagher, J. On rehearing the trial judge affirmed his prior rulings and defendant's motion for summary judgment was reaffirmed. Plaintiffs appeal. *Held:*

1. Governmental functions, to be immune from tort liability, must consist of an activity which due to its unique character or governmental mandate can be effectively accomplished only by government. Governmental activities are also immune from tort liability where liability would be an unacceptable interference with government's ability to govern. The operation of a municipal water system is not a governmental function because the public's demand for water can be met by privately owned companies, property owners associations, private wells and other entities which do not require tax funding or mandatory citizen participation. A water distribution system is of such a nature that potential liability may be taken into consideration as a cost of doing business; therefore, tort liability does not

REFERENCES FOR POINTS IN HEADNOTES

[1] 61 Am Jur 2d, Pleadings §§ 229, 230.

[2, 3] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 27, 30, 31.

Municipal immunity from liability for torts. 60 ALR 2d 1198.

[3] 78 Am Jur 2d, Waterworks and Water Companies § 4.

[4, 5] 61 Am Jur 2d, Pleadings §§ 309-311.

result in an impermissible interference with government's ability to govern. The trial court erred in granting summary judgment on the ground of governmental immunity.

2. Amendments to pleadings should be freely allowed when justice so requires. The trial judge made no specific findings as to why justice required denial of plaintiffs' motion to amend their complaint. Defendant's statements that the counts lacked merit and were filed late are unpersuasive. The counts of nuisance and breach of contract were legally sufficient and mere lateness in moving to amend is an insufficient reason to deny the motion where there is no unfair prejudice to the opposing party. Discovery is not precluded merely because a pretrial conference has occurred. A court rule permits the court to order subsequent discovery on written notice for good cause shown. The added counts did not involve complex legal and factual issues. Plaintiffs' motion to amend should have been granted.

Reversed and remanded.

1. JUDGMENT — SUMMARY JUDGMENT — FAILURE TO STATE A CLAIM — PLEADING — ALLEGATIONS AND CONCLUSIONS — APPLICATION OF LAW — APPEAL AND ERROR — COURT RULES.

The Court of Appeals, on review of a motion for summary judgment on the ground that the opposing party has failed to state a claim upon which relief can be granted, accepts as true the nonmoving party's factual allegations as well as any conclusions which can reasonably be drawn therefrom; thereafter, the Court is required to determine whether the nonmoving party's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can possibly justify a right to recovery (GCR 1963, 117.2[1]).

2. TORTS — GOVERNMENT AGENCIES — GOVERNMENTAL IMMUNITY — GOVERNMENTAL FUNCTION.

The crux of the governmental essence test for deciding whether a governmental agency is immune by statute from liability for a tort should be an inquiry whether the purpose, planning and carrying out of the activity, due to its unique character or governmental mandate, can be effectively accomplished only by government; unless liability would be an unacceptable interference with the government's ability to govern, activities that fall outside the guideline, although performed by a governmental agency, are not governmental functions and therefore the agency is not immune.

3. Torts — Governmental Agencies — City Water Supplies — Governmental Functions — Government Immunity.

 The operation of a municipal water system is not a governmental function which will relieve a city from tort liability on the ground of governmental immunity because supplying public water is not an activity which due to its unique character can only be accomplished by government; the public demand for water can be met by privately owned companies or associations, such systems can be supported by fees charged to users and their maintenance does not necessarily require tax funding; citizen participation in a government operated water system is not mandatory, a property owner may use a private well and is not required to hook up to a public water supply and a water distribution system is of such nature that potential liability may be taken into consideration as a cost of doing business.

4. Pleading — Amendment of Pleading — Leave of Court — Justification for Amendment — Prejudice — Statement by Trial Court — Court Rules.

 Leave to amend a pleading should be freely given when justice so requires and although the decision whether to allow the amendment is within the trial court's discretion, as a general rule, leave should be granted absent unfair prejudice to the opposing party; where a motion to amend is denied, the court should state specific reasons why justice would not be served by granting the amendment.

5. Pleading — Complaint — Motion to Amend — Sufficiency of Motion — Late Motions — Discovery — Court Rules.

 A trial judge may deny a motion to amend a complaint where the complaint is legally insufficient on its face; mere lateness in moving to amend, absent unfair prejudice to the opposing party, is an insufficient reason to deny the motion; lack of discovery is also an insufficient reason to deny a motion to amend because a pretrial conference does not preclude subsequent discovery on written notice for good cause shown (GCR 1963, 301.7).

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Barry P. Waldman*), for plaintiffs.

*Kerr, Wattles & Russell* (by *C. Kenneth Perry, Jr.*), for defendant.

Before: T. M. Burns, P.J., and M. F. Cavanagh and MacKenzie, JJ.

Per Curiam. Marco Rubino was injured on February 9, 1972, while working on a water main construction project for defendant City of Sterling Heights when a pipe plug he was removing exploded and hit his leg. Subsequently, Marco Rubino and Anna Rubino, his wife, brought an action for damages against the City of Sterling Heights. On August 4, 1977, the defendant moved for summary judgment on the ground of governmental immunity. Plaintiffs made a motion seeking to amend their complaint to include counts alleging nuisance and breach of contract. Plaintiffs appeal as of right the granting of summary judgment in favor of defendant and the denial of their motion to amend.

Plaintiffs contend that the trial court erred in granting summary judgment in favor of defendant on the ground of governmental immunity. When reviewing the granting of a motion for summary judgment under GCR 1963, 117.2(1), we assume as true the plaintiff's factual allegations as well as any conclusions reasonably drawn therefrom. We then determine whether the plaintiff's claim, on the pleadings, is so clearly unenforceable as a matter of law that no factual development can permit recovery. *Antkiewicz v Motorists Mutual Insurance Co,* 91 Mich App 389; 283 NW2d 749 (1979).

Tort liability of a governmental agency is dealt with in MCL 691.1407; MSA 3.996(107), which provides in part:

"Except as in this act otherwise provided, all governmental agencies shall be immune from tort liability in all cases wherein said government agency is engaged in the exercise and discharge of a governmental function."

In *Parker v Highland Park,* 404 Mich 183; 273
NW2d 413 (1978), the Michigan Supreme Court
dealt with the construction of the term "govern-
mental function". Justices FITZGERALD, KAV-
ANAGH, and LEVIN stated that the term was lim-
ited to activities that are "of essence to govern-
ing". In a separate opinion, Justice MOODY reached
the following conclusion:

"To delineate a complete and balanced definition of
governmental function within a simplistic format would
be presumptuous. However, as a basic guideline, the
crux of the governmental essence test should be
founded upon the inquiry whether the purpose, plan-
ning and carrying out of the activity, due to its unique
character or governmental mandate, *can be effectively
accomplished only by the government.* Unless liability
would be an unacceptable interference with govern-
ment's ability to govern, activities that fall outside this
perimeter, although performed by a government
agency, are not governmental functions and therefore
not immune." (Emphasis supplied.) 404 Mich at 200.

We conclude that, under *Parker,* the operation
of a municipal water system is not a governmental
function. Since the government is not the only
entity involved in supplying the public with drink-
ing water, it is not an operation that can be
effectively accomplished only by the government.
The public's demand for water is additionally met
by various privately owned companies, property
owners' associations, and other entities. The exis-
tence of privately run water distribution systems
indicates that their maintenance does not neces-
sarily require tax funding; such systems can be
supported by the fees charged to users.

Further, it is significant that citizen participa-
tion in a government operated water system is not
mandatory. A property owner already receiving

water from a private well is not required to hook up to an available public water supply.

Finally, tort liability does not result in an impermissible interference with the government's ability to govern. A water distribution system is of such nature that potential liability may be taken into consideration as a cost of doing business. Thus, because the operation of a water distribution system is not a governmental function, the trial court erred in granting summary judgment in favor of defendant on the ground of governmental immunity.

Plaintiffs' other contention is that the trial court erred in failing to grant their motion to amend their complaint to include the counts of nuisance and breach of contract. We agree.

GCR 1963, 118.1 permits a party to amend its pleading by leave of court, which "shall be freely given when justice so requires". Although the decision whether to allow amendment is within the trial court's discretion, *Leahy v Henry Ford Hospital,* 84 Mich App 719, 722; 271 NW2d 34 (1978), as a general rule, leave should be granted absent unfair prejudice to the opposing party. *Spartan Asphalt Paving Co v Grand Ledge Mobile Home Park,* 71 Mich App 177; 247 NW2d 589 (1976), *rev'd on other grounds,* 400 Mich 184; 253 NW2d 646 (1977). When denying a motion to amend, the court should state specific reasons why justice would not be served by granting the amendment. *Goldsmith v Moskowitz,* 74 Mich App 506; 254 NW2d 561 (1977).

In the instant case, the trial court made no specific findings as to why justice required denial of the motion to amend. Our only clue as to possible reasons are statements by defendant's attorney that the counts sought to be added lack

merit and that the motion is made at a late date. Neither of these reasons sufficiently supports denial of the motion. A judge may deny a motion to amend based on the merits only if the complaint is "legally insufficient on its face". *Ben P Fyke & Sons v Gunter Co,* 390 Mich 649, 660; 213 NW2d 134 (1973). This is not the case here, as the counts of nuisance and breach of contract are legally sufficient.

Mere lateness in moving to amend is an insufficient reason to deny the motion, absent unfair prejudice to the opposing party. *Spartan Asphalt v Mobile Home Park, supra.* In the instant case, defendant is not prejudiced by the addition to the complaint of the counts of nuisance and breach of contract. Discovery is not precluded merely because a pretrial conference has occurred. GCR 1963, 301.7 permits the court to order subsequent discovery "on written notice for good cause shown". Nor does sufficient prejudice exist because the added counts involve complex legal and factual issues.

Because justice is not served by denying plaintiffs' motion to amend, the motion is hereby granted pursuant to GCR 1963, 820.1(7).

Reversed and remanded.