## MITTS v VILLAGE OF FOWLERVILLE

Docket No. 56714. Submitted April 9, 1982, at Grand Rapids.—Decided August 26, 1982.

Plaintiffs, Jerry J. and Mary L. Mitts, brought an action against defendant the Village of Fowlerville alleging that the defendant negligently operated the village's sewer system in a manner whereby raw sewage from the system backed up into their home on at least six occasions. The Livingston Circuit Court, Bert M. Hensick, J., granted partial summary judgment in favor of the defendant on the ground that plaintiffs' negligence claim was precluded by the governmental immunity statute. Plaintiffs appeal from the order granting partial summary judgment. *Held:*

The operation of defendant's sewer system is not an activity that can only be accomplished by the government. For this reason, its operation does not constitute a governmental function for which the defendant is immune from tort liability.

The order granting partial summary judgment is reversed and the case is remanded.

GOVERNMENTAL IMMUNITY — MUNICIPAL SEWAGE SYSTEMS.

The operation of a municipal sewage system is not a governmental function which will relieve a governmental unit from tort liability on the ground of governmental immunity because the operation of a sewage system is not an activity that can only be accomplished by a government.

*Lavan, Hegarty & Harris,* for plaintiffs.

REFERENCES FOR POINTS IN HEADNOTE

57 Am Jur 2d, Municipal, School, and State Tort Liability § 191.

Municipality's liability arising from negligence or other wrongful act in carrying out construction or repair of sewers and drains. 61 ALR2d 874.

Before: MacKENZIE, P.J., and D. E. HOLBROOK, JR., and D. S. DeWITT,* JJ.

PER CURIAM. Plaintiffs appeal as of right from the December 2, 1980, lower court order granting partial summary judgment in favor of the defendant on the ground that plaintiffs' negligence claim against defendant was precluded · by the governmental immunity statute. MCL 691.1407; MSA 3.996(107). The gist of plaintiffs' complaint is that raw sewage from the defendant village's sewer system backed up into their home on at least six occasions between December 4, 1979, and March 29, 1980. Defendant's motion for partial summary judgment as to the negligence count of plaintiffs' complaint was premised on the argument that the establishment and maintenance of a municipal sewage system is a governmental function for which the governmental unit is immune from tort liability.

In *Rubino v Sterling Heights,* 94 Mich App 494; 290 NW2d 43 (1979), this Court held that the operation of a municipal water system is not a governmental function. Similarly, in *Ross v Consumers Power Co,* 93 Mich App 687; 287 NW2d 319 (1979), *lv gtd* 408 Mich 959 (1980), this Court found that an analogous activity, the construction of a drain, also was not a governmental function. · Although this Court did find that a six-county sewer project in southeastern Michigan was a governmental function in *Davis v Detroit,* 98 Mich App 705; 296 NW2d 341 (1980), *lv den* 410 Mich 856 (1980), it did so because of the likelihood that it could not be undertaken by any private corporation.

Examining the governmental activity in the case

---

* Circuit judge, sitting on the Court of Appeals by assignment.

before us, we find that it is more like that considered by this Court in *Rubino* and in *Ross* than that which was before us in *Davis.* Thus, we conclude that the operation of defendant's sewer system is not an activity that can only be accomplished by the government. For this reason, its operation does not constitute a governmental function.

The December 2, 1980, lower court order granting partial summary judgment in favor of defendant is reversed and this cause is remanded for further proceedings consistent with this opinion.