OVIST v CITY OF HANCOCK

Docket No. 62222. Submitted October 13, 1982, at Marquette.—Decided February 10, 1983.

Robert Ovist was injured while repairing a portion of highway in the City of Hancock which had caved in due to a broken water line. Ovist and his wife filed suit in Houghton Circuit Court against the City of Hancock. The court, Stephen D. Condon, J., granted summary judgment for the defendant based on governmental immunity. The Court of Appeals granted leave to appeal. The plaintiffs allege that the trial court erred in granting summary judgment because (1) they had pled facts showing the existence of a nuisance in the city's maintenance of the water line and directing traffic around the site, an exception to governmental immunity, and (2) their negligence claims against the defendant were not subject to a claim of governmental immunity because in maintaining the water line and directing traffic the defendant was not engaged in governmental functions but proprietary functions. *Held:*

1. The trial court did not err in granting summary judgment for the defendants on the nuisance claim. The plaintiffs did not allege sufficient facts to show the existence of an intentionally created nuisance and only intentionally created nuisances in fact will defeat a claim of governmental immunity.

2. The trial court erred in granting summary judgment on the negligence claim regarding the water line. The maintenance of the public water line is a proprietary function of the city and not a governmental function subject to governmental immunity.

3. The trial court did not err in regard to the plaintiffs' claim that the defendant was negligent in directing traffic around the

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 290, 291, 293.

[1] 58 Am Jur 2d, Nuisances §§ 32, 185.

[2] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 284.

[3] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 243 *et seq.*

construction site because police activity in directing traffic is a governmental function entitled to immunity.

Affirmed in part, reversed in part, and remanded.

ALLEN, J., concurred in part and dissented in part. He agreed with the majority opinion except that he believed that the construction and maintenance of the public water line is a governmental function. He would affirm.

### OPINION OF THE COURT

1. NUISANCE — NUISANCE IN FACT — INTENTIONAL NUISANCES.

   Only intentionally created or continued nuisances in fact will defeat a claim of governmental immunity by a governmental agency in an action based on nuisance; to establish the necessary intent, a plaintiff must show that the defendant who created or continued the nuisance knew or must have known that harm to the plaintiff was substantially certain to follow as a result of defendant's actions.

2. TORTS — GOVERNMENTAL IMMUNITY — MUNICIPAL WATER SUPPLIES.

   The operation of a municipal water system is not a governmental function which will relieve a city from tort liability on the ground of governmental immunity because supplying public water is not an activity which due to its unique character can only be accomplished by government.

3. GOVERNMENTAL IMMUNITY — POLICE — DIRECTING TRAFFIC.

   Police activity in directing traffic is a governmental function for purposes of governmental immunity from tort liability.

### PARTIAL CONCURRENCE AND PARTIAL DISSENT BY ALLEN, J.

4. GOVERNMENTAL IMMUNITY — MUNICIPAL WATER SYSTEMS.

   *The construction and maintenance of a public water line is a governmental function for purposes of governmental immunity from tort liability; the effective maintenance of such a system is so intimately related to and dependent upon the public health department of the particular municipality that a governmental function rather than a proprietary function results from its operation.*

*Wisti & Jaaskelainen, P.C.* (by *Michael E. Makinen),* for plaintiff.

*Vairo, Mechlin, Tomasi, Johnson & Manchester* (by *David R. Mechlin),* for defendant.

Before: D. F. Walsh, P.J., and Allen and M. F. Cavanagh, JJ.

Per Curiam. Plaintiffs sued the defendant for injuries plaintiff Robert Ovist received while repairing a portion of US-41 highway in the City of Hancock which had caved in due to a broken water line. The trial court granted the defendant a summary judgment based upon governmental immunity under MCL 691.1407; MSA 3.996(107) and MCL 250.61; MSA 9.901. Plaintiffs were granted leave to file a delayed appeal to this Court.

Plaintiffs first argue that the summary judgment was improper because they had pled facts showing the existence of a nuisance, which is an exception to governmental immunity. The nuisance the plaintiffs allege concerns: (1) the condition of the water line which the city built and had a duty to maintain; and (2) the city's direction of traffic around the construction site.

The nuisance exception to governmental immunity was set forth in *Rosario v Lansing,* 403 Mich 124; 268 NW2d 230 (1978), and *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978). In interpreting the scope of the exception provided for in these two cases, this Court held:

"[A] cautious reading of these cases persuades us that at present only intentionally-created or continued nuisances in fact will defeat a claim of governmental immunity." *Ford v Detroit,* 91 Mich App 333, 336; 283 NW2d 739 (1979).

In order to prove the existence of an intentional nuisance, the plaintiff must show that the defendant who created or continued the nuisance knew or must have known that his or her actions were

substantially certain to cause harm to the plaintiff. *Ford, supra.*

With respect to the plaintiffs' allegation that the defendant's water line constituted a nuisance, the plaintiffs admit that the facts they alleged do not show the existence of an intentionally created nuisance. Thus, the trial court was correct in granting a summary judgment on this count since the plaintiffs failed to state a claim upon which relief could be granted. Plaintiffs' claim that the defendant's direction and control of traffic constituted a nuisance must also fail for the same reason. Plaintiffs did not plead the existence of an intentionally created nuisance, in fact, the plaintiffs' complaint did not allege nuisance at all but sounded in negligence. *Ovist v Dep't of State Highways & Transportation,* 119 Mich App 245; 326 NW2d 468 (1982).

Plaintiffs next argue that their negligence claim against the defendant should not have been defeated by governmental immunity because the defendant, in maintaining the water line and in controlling the work and traffic at the construction site, was engaged in a proprietary function and not a governmental function.

This Court is split on the issue of whether the construction and maintenance of a city water line is a proprietary function or a governmental function entitled to immunity. In *Ross v Consumers Power Co,* 93 Mich App 687; 287 NW2d 319 (1979),[1] and *Rubino v Sterling Heights,* 94 Mich

[1] The Michigan Supreme Court recently affirmed the decision in *Ross* by an equally divided Court. We agree with the opinion written by Justice KAVANAGH which states:

"There are many activities contributing to the common good which are engaged in by state agencies. Providing a comprehensive system of drains is surely one of them. As in the case of supplying water, power, transportation and other services sometimes supplied by public utilities, however, the fact that a state agency engages in an activity

App 494; 290 NW2d 43 (1979), two panels of this Court held that the construction of a water drain and the operation of a municipal water system are not governmental functions entitling the governmental agency involved to immunity from tort liability. The Court reasoned that such activity was neither the essence of governing nor something that could be accomplished effectively only by the government. *Ross, supra,* pp 697-698; *Rubino, supra,* p 498. However, in *Davis v Detroit,* 98 Mich App 705; 296 NW2d 341 (1980), and *Scott v Detroit,* 107 Mich App 194; 309 NW2d 201 (1981), different panels of this Court held that the construction and maintenance of the sewer system in the City of Detroit constituted a governmental function entitling the city to immunity from tort liability for injuries occurring in connection with the system. In *Davis,* the Court pointed to the size of the particular project, in terms of cost, volume, and water pollution control, as evidence that it could only be effectively maintained by the government. *Davis, supra,* pp 709-710. The Court in *Scott* addressed the same questions in relation to the same construction project and, relying on the decision in *Davis, supra,* concluded that the magnitude of the project in question rendered any activity related to it a governmental function. *Scott, supra,* pp 199-200.

We are persuaded that the maintenance of the public water line in this case is a proprietary function of the city, thus it is not entitled to immunity from tort liability for injuries occurring in connection with the line. Further, this project is small in nature in comparison to the one at issue in *Davis* and *Scott, supra,* and thus, even under

does not convert the activity into a function of government." *Ross v Consumers Power Co,* 415 Mich 1, 29-30; 327 NW2d 293 (1982).

the criteria of those cases, we do not consider its maintenance to involve an activity that can only be carried out effectively by the government or that is necessary to the policies and continued operations of the state because of the lack of comparable activity in the private sector. *Ross, supra,* p 697.

Although we conclude that the plaintiffs' negligence claim against the defendant for its maintenance of the water line should not have been defeated on the basis of governmental immunity, we reach the opposite conclusion regarding the plaintiffs' claim that the defendant was negligent in directing traffic around the construction site. This Court has previously held that police activity in directing traffic is a governmental function entitled to immunity. See *Austin v City of Romulus,* 101 Mich App 662, 672; 300 NW2d 672 (1980); *Summerville v Kalamazoo County Road Comm,* 77 Mich App 580; 259 NW2d 206 (1977); *Cole v Rife,* 77 Mich App 545, 553; 258 NW2d 555 (1977).

We affirm the trial court's summary judgment with respect to the plaintiffs' claims against the defendant for nuisance and for negligence in the direction and control of traffic. We reverse the summary judgment with respect to the plaintiffs' claim against the defendant for negligence in maintaining the water line and remand this case back to the trial court for further proceedings.

Affirmed in part, reversed in part, and remanded.


ALLEN, J. *(concurring in part and dissenting in part).* While the installation of a municipal water system may be installed by private enterprise, I don't believe that in the world in which we live

the system can be maintained and operated by private enterprise. There are very few privately maintained and operated water systems in existence. Furthermore, the effective maintenance of such a system is so intimately related to and dependent upon the department of public health of the municipality involved that a governmental function rather than a proprietary function results. Therefore, I disagree with that part of the majority opinion which holds that the construction and maintenance of the public water line in the City of Hancock is not a governmental function.