PATE v DEPARTMENT OF TRANSPORTATION

Docket No. 61609. Submitted April 11, 1983, at Lansing.—Decided July 11, 1983.

Douglas K. Pate was injured when he stepped on a stake while jogging along a highway in Ypsilanti. Pate brought an action in the Court of Claims against the Department of Transportation alleging that the stake was what remained of a traffic control sign, negligently left by the defendant's agents, and that it was a nuisance. The court, James T. Kallman, J., granted summary judgment for the defendant based on the governmental immunity doctrine. The plaintiff appealed, alleging that the exception to governmental immunity for the maintenance and repair of highways was applicable and that the trial court erred in dismissing his claim based on nuisance. *Held:*

1. The trial court erred in granting summary judgment for the defendant on the negligence claim based on governmental immunity. Once the state erects a traffic sign, the sign becomes a part of the improved portion of the highway and thereafter the state has a duty to maintain the sign in proper repair. The plaintiff's complaint properly stated a claim in avoidance of immunity.

2. The trial court did not err in dismissing the plaintiff's claim of nuisance. The plaintiff failed to state a claim of nuisance in avoidance of immunity. Only nuisances per se or intentionally created or continued nuisances in fact will avoid the defense of governmental immunity. Plaintiff failed to allege facts to support a claim that defendant intended to create or

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 104-106, 341, 343 *et seq.*

Liability and suability, in negligence action, of state highway, toll road, or turnpike authority. 62 ALR2d 1222.

[2, 6] 39 Am Jur 2d, Highways, Streets, and Bridges §§ 103 *et seq.*, 339 *et seq.*

[3] 39 Am Jur 2d, Highways, Streets, and Bridges § 343.

58 Am Jur 2d, Nuisances § 55.

[4] 58 Am Jur 2d, Nuisances § 12.

[5] 58 Am Jur 2d, Nuisances § 32.

continue the condition or, more importantly, that defendant knew or must have known that the harm that plaintiff suffered was substantially certain to follow. Plaintiff did not allege a claim of nuisance per se.

Reversed in part, affirmed in part and remanded.

D. F. WALSH, J., dissented. He would affirm the decision of the trial court. He believes that the exception to governmental immunity for maintenance of highways should not apply here because the Legislature did not impose any duty upon the governmental agency having jurisdiction over the highway to repair or make reasonably safe and convenient for public travel any area outside that designated for vehicular travel.

### OPINION OF THE COURT

1. GOVERNMENTAL IMMUNITY — HIGHWAYS — TRAFFIC SIGNALS.

    Traffic signals which control the flow of traffic on a highway are an integral part of the improved portion of a highway, and the statutory exception to governmental immunity for failure to maintain a highway applies (MCL 691.1402; MSA 3.996[102]).

2. GOVERNMENTAL IMMUNITY — HIGHWAYS — TRAFFIC SIGNS.

    A traffic sign once erected becomes an integral part of the physical structure of the highway and the duty to maintain a highway in reasonable repair encompasses the maintenance of traffic signs; a governmental unit may incur liability under the broad concept of traffic sign maintenance for failing to properly maintain a sign placed on the roadway.

3. GOVERNMENTAL IMMUNITY — NUISANCE — NUISANCE PER SE — INTENTIONAL NUISANCE.

    Only nuisances per se or intentionally created or continued nuisances in fact will defeat a claim of governmental immunity.

4. NUISANCE — NUISANCE PER SE.

    A nuisance per se consists of an act, occupation or structure which is a nuisance at all times and under any circumstances regardless of location or surrounding.

5. NUISANCE — INTENTIONAL NUISANCE.

    A plaintiff must show that a defendant who created or continued a nuisance knew or must have known that harm to the plaintiff was substantially certain to follow to establish the necessary intent to support a claim of intentionally created nuisance in fact.

6. Governmental Immunity — Highways — Traffic Signs.

*The remains of a former traffic control device which has been removed and which no longer functions to control traffic is not part of the improved portion of the highway and the statutory exception to governmental immunity for failure to maintain a highway should not apply (MCL 691.1402; MSA 2.996[102]).*

*Fred R. Schmerberg,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Carl K. Carlsen* and *Jerrold H. Keyworth,* Assistants Attorney General, for defendant.

Before: Danhof, C.J., and Allen and D. F. Walsh, JJ.

Danhof, C.J. Plaintiff appeals as of right from an order of summary judgment granted in favor of defendant which dismissed plaintiff's claims.

Plaintiff's complaint alleges that he was injured as he was jogging along Washtenaw Avenue in Ypsilanti when he stepped on a stake which protruded approximately three to four inches out of the ground. He alleges that the stake was what remained of a traffic control sign which had been installed by defendant. He claims that defendant's agents were negligent in removing the sign without also removing the entire signpost.

The trial court ruled that plaintiff's claim was barred by governmental immunity. MCL 691.1407; MSA 3.996(107). The court rejected plaintiff's claim that the highway exception to governmental immunity applied:

"Sec. 2. Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and

convenient for public travel. Any person sustaining
bodily injury or damage to his property by reason of
failure of any governmental agency to keep any high-
way under its jurisdiction in reasonable repair, and in
condition reasonably safe and fit for travel, may recover
the damages suffered by him from such governmental
agency. * * * The duty of the state and the county road
commissions to repair and maintain highways, and the
liability therefor, shall extend only to the improved
portion of the highway designed for vehicular travel
and shall not include sidewalks, crosswalks or any
other installation outside of the improved portion of the
highway designed for vehicular travel." MCL 691.1402;
MSA 3.996(102).

Defendant claims that because the stake was
located on a grass strip which was separated from
the paved portion of the highway by a curb, the
stake was an "installation outside of the improved
portion of the highway designed for vehicular
travel". We disagree.

The state's affirmative obligation to maintain
highways in reasonable repair has consistently
been held to include the duty to maintain traffic
control signs once erected. *O'Hare v Detroit,* 362
Mich 19; 106 NW2d 538 (1960); *Austin v City of
Romulus,* 101 Mich App 662, 666; 300 NW2d 672
(1980); *Williams v Dep't of State Highways,* 44
Mich App 51; 205 NW2d 200 (1972); *Lynes v St
Joseph County Road Comm,* 29 Mich App 51; 185
NW2d 111 (1970). The defendant in *Lynes, supra,*
also claimed that a traffic sign located in a non-
paved area adjacent to the roadway was not part
of the improved portion of the highway. In reject-
ing defendant's claim, the Court stated the follow-
ing:

"Under defendant's interpretation of the statute, the
duty of the defendant to keep the highways safe and fit

for travel would be limited to the pavement itself and whatever equipment physically touches the pavement. Although this interpretation would provide a certain ease in the application of the statute, it would completely negate the first part of the statute, as well as that part of MCL 224.21; MSA 9.121, both of which impose the duty on the defendant to keep the highways safe and fit for travel. We cannot accept the argument that the legislature intended such a result. It is recognized law that in construing a statute effect must be given to every part of it and one part must not be so construed as to render another part nugatory. *Sutton v Globe Knitting Works,* 276 Mich 200; 267 NW 815 (1936); *Remus v City of Grand Rapids,* 274 Mich 577; 265 NW 755 (1936).

"Traffic signals which control the flow of traffic are an integral part of the improved portion of the highway. The presence or absence of such signals, as well as the conditions in which they are maintained, directly relates to the statutory duty imposed upon the defendant to maintain the highway in a condition safe and fit for travel." *Lynes, supra,* p 59.

In a recent decision of the Supreme Court, *Salvati v Dep't of State Highways,* 415 Mich 708; 330 NW2d 64 (1982), six justices split evenly concerning the scope of the state's duty to erect and maintain signs to warn motorists of the hazards of preferential icing. However, all of the justices were in agreement that the statutory provision quoted earlier imposes a duty on the state to erect and maintain traffic signs. In an opinion written by Justice COLEMAN, she stated the following with respect to the duty of the state to maintain such signs.

"A traffic sign, once erected, becomes an integral part of the physical structure of the highway, and thus the duty to maintain a highway in reasonable repair encompasses the maintenance of traffic signs. A governing

unit may incur liability under the broad concept of 'traffic sign maintenance' in the following ways: for failing to properly maintain a sign placed on the roadway." *Salvati, supra,* p 715.

In our opinion, the foregoing makes it clear that, once the state erects a traffic sign, the sign becomes a part of the improved portion of the highway and that thereafter the statute imposes a duty upon the state to maintain such a sign in proper repair. Plaintiff's complaint properly states a claim in avoidance of immunity. The trial court erred by ruling to the contrary.

Plaintiff also claims that the trial court erred by dismissing his nuisance claim.

Only nuisances per se or intentionally created or continued nuisances in fact will defeat a claim of governmental immunity. *Rosario v City of Lansing,* 403 Mich 124; 268 NW2d 230 (1978); *Gerzeski v Dep't of State Highways,* 403 Mich 149; 268 NW2d 525 (1978).

A nuisance per se consists of an act, occupation or structure which is a nuisance at all times and under any circumstances, regardless of location or surrounding. *Rosario, supra.* In our opinion, plaintiff has not alleged a claim of nuisance per se. Not all stakes which protrude from the ground can be said to constitute a nuisance regardless of their location. On the contrary, in the present case, it was the location of the stake (next to a highway partially hidden by grass) which created the danger complained of. In other locations and under different circumstances such a condition would not present such a danger. Therefore, the trial court correctly granted summary judgment with respect to this claim.

To establish the necessary intent to support a claim of intentionally created nuisance in fact,

plaintiff must show that the defendant who created or continued the nuisance knew or must have known that harm to plaintiff was substantially certain to follow. See *Ford v Detroit,* 91 Mich App 333, 336; 283 NW2d 739 (1979); *Cobb v Fox,* 113 Mich App 249, 257-258; 317 NW2d 583 (1982); *Ovist v City of Hancock,* 123 Mich App 276; 333 NW2d 250 (1983).

Plaintiff's complaint merely alleges in conclusionary terms that the nuisance constituted an intentionally created nuisance in fact. He failed to allege facts to support a claim that defendant intended to create or continue the condition or, more importantly, that defendant knew or must have known that the harm plaintiff suffered was substantially certain to follow. Therefore, plaintiff has failed to state a claim of nuisance in avoidance of immunity.

Reversed in part, affirmed in part, and remanded for trial on plaintiff's negligence claim. No costs.

ALLEN, J., concurred.

D. F. WALSH, J. *(dissenting).* I must respectfully dissent. It may be, as a panel of this Court ruled in *Lynes v St Joseph Road Comm,* 29 Mich App 51, 59; 185 NW2d 111 (1970), that "[t]raffic signals *which control the flow of traffic* are an integral part of the improved portion of the highway". (Emphasis supplied.) In my judgment, however, the remains of a former traffic control device which has been removed and which no longer functions to control traffic is not part of the improved portion of the highway. It is at best an "installation outside of the improved portion of the highway"

explicitly excluded from the highway exception, MCL 691.1402; MSA 3.996(102), to the governmental immunity act. MCL 691.1407; MSA 3.996(107).

In enacting the highway exception to the immunity act, the Legislature imposed upon the governmental agency having jurisdiction over any highway the duty to "maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel". It expressly limited that duty to the "improved portion of the highway designed for vehicular travel". In *Lynes, supra,* this Court held that the placement and maintenance of signals and devices necessary to control the flow of traffic was part of the duty to maintain the highway. Therefore, even if such devices were located outside of that portion of the highway "designed for vehicular travel", they were nevertheless part of the "improved portion" of the highway since they were required in order to make safe that portion of the highway "designed for vehicular travel". But to extend the rationale of *Lynes* to an area not "designed for vehicular travel" is, in my judgment, not only unwarranted and unwise but also completely inconsistent with the express language of the statute. The Legislature simply did not impose any duty upon the governmental agency having jurisdiction over the highway to repair or make "reasonably safe and convenient for public travel" any area outside that "designed for vehicular travel".[1]

I would affirm the trial court.

---

[1] I note that all of the cases cited in the majority opinion involve a failure to maintain a traffic control device which resulted in an unsafe condition *on the vehicular travel portion* of the highway not an unsafe condition in an area outside the vehicular travel portion of the highway. The statute, MCL 691.1407; MSA 3.996(107), expressly provides that the duty to maintain the highway and to make it safe for public travel extends *"only* to the improved portion of the highway *designed for vehicular travel".*